IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF COLUMBIA

```
ANDRE COOPER 56382-066              :    Civil Action No. 07-744(RMC)
COLEMAN CORRECTIONAL COMPLEX 2      :
U.S. PENITENIARY                    :
P.O. BOX 1034                       :
Coleman, Florida 33521              :
        Plaintiff,                  :

vs.

EXECUTIVE OFFICE FOR UNITED STATES ATTONEY
FREEDOM OF INFORMATION/PRIVACY ACT STAFF
600 E Street, N.W., Room 7300
Washington, D.C. 20530, et al.,
        Defenadants,
```

**RECEIVED**

NOV 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF's MOTION ASKING FOR
LEAVE TO FILE AN MEMORANDUM
OF LAW IN SUPPORT OF PLAINTIFF's
AMENDED PETITION

Plaintiff Andre Cooper respectfully asks this Honorable Court to grant leave to file an memorandum of law in support of plaintiff's amended petition.
Afailure to issue an order would in fact entail the possibility of serious injury and deprive the plaintiff to support his claim with the facts and the legal support needed for his claim.

Preliminary Statement

In April 2006, plaintiff Andre Cooper, was convicted by a federal jury in criminal action 01-cr-0512 of 15 counts arising out of a racketeering conspiracy.
During pre-trial in the criminal case of the plaintiff. The plaintiff Andre Cooper lawyers constantly asked the goverment that prosecuted the racketeering case to provide all information it had in there possession.
The government that prosecuted the plaintiff in the criminal action never produced any and said that none exists.
Based upon information and belief, plaintiff knows that there is indeed wiretap information. So based upon this information and belief. The plaintiff Andre Cooper filed for the wiretap information thru the freedom of information in May of 2006.

Argument

In May 22,2006, Plaintiff Andre Cooper, requested this wiretap information.

It wasn't until August 29,2006 that the EOUSA notified the plaintiff that indeed there was 60 pages of wiretap information. But was withholding the information because of Rule 6(e) of the Federal Rules of Criminal Procedure pertains to the Federal Grand Jury, it's integrity and the secercy surrounding the jury.

In Fiumara v Higgins, 572 F.Supp. 1093. The Court said that if the information in custody of the EOUSA is necessary to file for a new trial or for post conviction arguments the information can be released.

## Conclusion

Clearly the EOUSA is hindering plaintiff's chances of showing his actual innocents. The wiretap information that is in the custody of the EOUSA is greatly needed. For the foregoing reasons, Plaintiff requests and prays that the wiretap information to be granted to him.

Respectfully Submitted,
Andre Cooper   56382-066

*Andre Cooper*
11/15/07

2.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF COLUMBIA

ANDRE COOPER  
COLEMAN CORRECTIONAL COMPLEX 2  
U.S. PENITENTIARY  
P.O. BOX 1034  
COLEMAN, FLORIDA 33521  
    Plaintiff,

vs.

EXECUTIVE OFFICE FOR UNITED STATES ATTORNEY  
FREEDOM OF INFORMATION/PRIVACY ACT STAFF  
600 E Street, N.W., Room 7300  
Washington, D.C. 20530, et al.,  
    Defendants,

DECLARATION

ANDRE COOPER  
Civil Action No. 07-744 (RMC)

Andre Cooper hereby declares:

1. Based upon information and belief, that there is wiretap information that has been hidden from me.

2. On May 22, 2006, I sent out a request for Freedom of Information to the following agencies, which are the F.B.I., D.E.A., A.T.F. and the U.S. Attorney's office.

3. The May 22, 2006 requests to all the agencies was labeled "please include any transcripts of recordings, or any other related documents pertaining to any consensual or non-consenual wiretap or other type of electronic surveillance."

4. On June 14, 2006, I also filed another request for information pertaining to my self. This request made to the EOUSA was labeled " please include any information regarding any payments for the testimony or relocation of any witnesses or other civilians involved or relocation of any witnesses or other civilians involved in the investigation of case number 01-512".

5. On June 19, 2006 the EOUSA responded back and acknowledged that the EOUSA has received my request for any wiretap or other type of electronic surveillance and gave me a request number of 06-1717, which is Exhibit A in the Civil Complaint.

6. On August 29, 2006 the EOUSA responded back and acknowledged that indeed there was 60 pages of wiretap information and that the information was being withheld under Rule 6(e) of the Federal Rules of Criminal Procedure. Pertaining to the Grand Jury, it's integrity and the secerecy surrounding the

1.

jury. This response number 06-1717 is Exhibit B in the Civil Complaint.

7. On August 31,2006 the EOUSA responded back from the June 14,2006 request for any witnesses that has been paid for any testimony. They gave me a request number of 06-2678. The EOUSA also broke my request up in two and gave me another request number 06-2679.

8. The EOUSA denied all of my requests, which was request number 06-1717, for the wiretap information and request numbers 06-2678 and 06-2679, which was requests for any payments to witnesses. The Attorney's Office received these Administrative Appeals on September 22,2006.

9. The Chief, Adminstrative Staff, Priscilla Jones gave me three different appeal numbers.

10. The Adminstrative Appeal number 06-3197 was given to me from my request number 06-1717. Which was the request for the wiretap information.

11. The Adminstrative Appeal number 06-3196 was given to me from my request number 06-2679. Which was request for the payments to witnesses. But they construed it as information pertaining to my self. That is why they separated my initial request of payments for testimony of witnesses, which the separation occured on August 31, 2006.

12. The Adminstrative Appeal number 06-3220 was given to me from my request number 06-2678. Which was the request for the payments of witnesses. This is the request that was also separated, which occured on August 31,2006.

13. On November 16, 2006 the Director Daniel J. Metcalfe denied my adminstrative request number 06-3220, which was for certain payments made to witness for testimony.

14. I never went any further with the Novenber 16, 2006 denial.

15. On november 17, 2006 the Director Daniel J. Metcalfe remanded my request back to the EOUSA to search for any records pertaining to my self. The Adminstrative Appeal request no. is 06-3196 and the original request number was 06-2679. This was also the request that was split in half on August 31 2006.

16. The Director Daniel J. Metcalfe remanded the request back to the EOUSA and the EOUSA gave this request number 06-3876.

17. On December 11, 2006 the Director Daniel J. Metcalfe denied my adminstrative request number 06-3197, which was for the wiretap information.

18. The Director Daniel J. Metcalfe said "EOUSA located no actual wiretap or surveillance records responsive to your request." See Exhibit D of the Civil Complaint.

19. Mr. Metcalfe findings was totally opposite to the EOUSA findings on August 29, 2006 that there was 60 pages of wiretap information.

20. The Acting Assistant Director of the EOUSA, William G. Stewart II. Clearly noted on August 29,2006 that there was 60 pages of wiretap information.

21. Due to the conflict of the findings of Mr. Metcalfe and the denial of Mr. Stewart II from obtaining the 60 pages of wiretap information. I filed the current Civil Action No. 07-744(RMC).

I declare under penalty of perjury that the foregoing is true and correct. Executed at Coleman, Florida on 11/15/07.

*Andre Cooper*
Andre Cooper 56382-066
Coleman Corr. Complex 2
U.S. Peniteniary
P.O. Box 1034
Coleman, Fl 33521

3.