# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0744 (RMC) |
| ) | |
| EXECUTIVE OFFICE FOR UNITED STATES ) | |
| ATTORNEY FREEDOM OF INFORMATION/ ) | |
| PRIVACY ACT STAFF, ) | |
| ) | |
| MICHAEL B. MUKASEY[1], ) | |
| Attorney General of the United States, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, Executive Office for United States Attorney Freedom of Information/Privacy Act Staff ("EOUSA") and Michael B. Mukasey, Attorney General of the United States, by and through undersigned counsel, hereby move for summary judgment in favor of Defendants, pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law. In support of their motion, Defendants submit a Memorandum of Points and Authorities, a Statement of Material Facts Not In Dispute, and the Declarations of David Luczynski and Susan J. Falken and copies of relevant pieces of correspondence, as Exhibits 1, 2, 3, and 4.

---

[1] On or about August 24, 2007, the former Attorney General, Alberto Gonzales, resigned from his position. On September 17, 2007, President Bush nominated Michael B. Mukasey to be Attorney General of the United States. Judge Mukasey was confirmed by the United States Senate on or about November 8, 2007, and entered duty on or about November 9, 2007. Accordingly, by operation of Fed. R. Civ. P. 25(d), Michael B. Mukasey, the new Attorney General, is substituted for Alberto Gonzales.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavits and other attachments in support of Defendants' motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in Defendants' attachments. See, e.g., Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992); Local Civil Rule 7(h); Fed. R. Civ. P. 56(e). Specifically, Rule 56(e) of the Federal Rules of Civil Procedure provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

The grounds for the motion are set forth in more detail in the accompanying memorandum of points and authorities in support of the motion.[2] A proposed Order consistent with this motion is attached hereto.

---

[2] Consistent with the guidance of the Court of Appeals in Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Defendants remind this *pro se* litigant that his failure to respond or contest Defendants' motion may lead to an entry of adverse judgment against him. In Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988), the Court of Appeals noted that a *pro se* party may lose if he fails to respond to a dispositive motion. See also Ham v. Smith, 653 F.2d 628, 629-30 (D.C. Cir. 1981). Failure to respond to Defendants' motion may result in the Court granting the motion and dismissing the case.

Respectfully submitted,


\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


\_\_/s/_____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDRE COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0744 (RMC) |
| ) | |
| EXECUTIVE OFFICE FOR UNITED STATES ) | |
| ATTORNEY FREEDOM OF INFORMATION/ ) | |
| PRIVACY ACT STAFF, ) | |
| ) | |
| MICHAEL B. MUKASEY[1], ) | |
| Attorney General of the United States, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, AND
IN OPPOSITION TO "PLAINTIFF'S MOTION ASKING FOR
LEAVE TO FILE A MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S AMENDED PETITION"**

**INTRODUCTION**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the

Privacy Act of 1974 ("the Privacy Act" or "PA"), 5 U.S.C. § 552a, and pertains to the processing

of a FOIA request which Plaintiff sent to the Executive Office for United States Attorneys

("EOUSA") in Washington, D.C. Although Plaintiff mentions other FOIA requests in passing in

his filings, the focus of his action, its inspiration, and the relief he seeks all relate solely to the

---

[1] On or about August 24, 2007, the former Attorney General, Alberto Gonzales, resigned from his position. On September 17, 2007, President Bush nominated Michael B. Mukasey to be Attorney General of the United States. Judge Mukasey was confirmed by the United States Senate on or about November 8, 2007, and entered duty on or about November 9, 2007. Accordingly, by operation of Fed. R. Civ. P. 25(d), Michael B. Mukasey, the new Attorney General, is substituted for Alberto Gonzales.

disposition of one FOIA request in particular which he mailed to EOUSA which sought

"transcripts of recordings, or any other related documents pertaining to any consensual or non-

consensual wiretap or other type of electronic surveillance which are in the possession of the US

Attorney's Office in the [Eastern District] of Pennsylvania."  See, e.g., Exhibit ("Ex.") 1,

Declaration of David Luczynski ("Luczynksi Decl.") ¶ 9 and Ex. F to Luczynski Decl.; see also

Docket Entry No. 14, "Amended Petition for F.O.I.A. to Release of records of Wire Tap Info.

and other oral communications pertaining to the Petitioner" ("Am. Compl.") ¶¶ 2, 3, 5-8; Docket

Entry No. 17-3, "Plaintiff's Motion Asking For Leave to File a[] Memorandum of Law in

Support of Plaintiff's Amended Petition" ("Pl.'s Mot.") at 1-2; Docket Entry No. 17-3,

Declaration of Andre Cooper ("Cooper Decl.") ¶¶ 3, 5-6, 10, 17-21.  Plaintiff alleges that: (1) he

mailed a FOIA request to EOUSA seeking this wiretap and electronic surveillance material in

May 2006; (2) in an August 2006 letter, EOUSA informed Plaintiff that it had found 60 pages of

responsive material, but was withholding them pursuant to FOIA exemption (b)(3), which relates

to Grand Jury materials; and (4) when Plaintiff administratively  appealed this FOIA

determination, the Director of DOJ's Office of Information and Privacy ("OIP") issued a decision

dated December 11, 2006, in which it affirmed EOUSA on modified grounds, finding that the

sixty pages worth of documents which EOUSA had uncovered were in fact unresponseive to

Plaintiff's FOIA request for electronic surveillance.  See, e.g., Am. Compl. ¶¶ 5-8, Am. Compl. ,

Exhibits ("Exs.") A-D; Pl.'s Mot. at 1-2; Cooper Decl. ¶¶ 2-3, 5-6, 10, 17-21.  He claims that

EOUSA is wrongfully withholding "60 pages" of what he believes to be "wiretap information"

and seeks an order requiring "the defendant[s] to produce . . . the 60 pages" of materials.  See,

e.g., Am. Compl. ¶ 1; Pl.'s Mot. at 2; Cooper Decl. ¶ 21.

2

Subsequent to the filing of Plaintiff's Am. Compl. and Pl.'s Mot., OIP conducted a further review of Plaintiff's appeal file. Following this further review and reconsideration, OIP issued a decision letter dated December 12, 2007 in which it vacated its prior decision of December 11, 2006, determined that the sixty pages of documents which EOUSA had uncovered were in fact responsive to Plaintiff's FOIA request, and remanded Plaintiff's FOIA request to EOUSA for further processing of the records. See Ex. 3, OIP's December 12, 2007 Letter; see also Ex. 4, Supplemental Declaration of David Luczynski ("Luczynski Supp. Decl.") ¶¶ 2-3 and Ex. A to Luczynski Supp. Decl. On remand, EOUSA performed this additional processing, and then sent Plaintiff 12 pages of records that were released in part, along with a letter which explained that 48 pages of documents had been withheld in full based on FOIA exemption (b)(7)(C), and that these documents were also exempt from mandatory disclosure under the Privacy Act's exemption (j)(2). See Ex. 4, Luczynski Supp. Decl. ¶¶ 4, 9, 10-14 and Ex. B to Luczynski Supp. Decl.

Summary judgment must be granted in the Defendants' favor, because the EOUSA conducted an adequate search, and because OIP's second decision on appeal and EOUSA's second response to Plaintiff's FOIA request were reasonable. Neither the fact that on appeal OIP revised its initial response nor that EOUSA reached a different conclusion on remand than it had initially, in any way calls into question the reasonableness of the agency's response to Plaintiff's FOIA request.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    General Background on Plaintiff

In 2003, the government indicted Plaintiff Andre Cooper a/k/a "Dre," along with a group

3

of other individuals, of numerous criminal counts. See Criminal Docket Sheet for USA v. Williams, et. al., 2:01-CR-00512-JCS-5 (Ed. Pa.), Docket Entry Nos. 34, 48, 202. Following a 51 day jury trial in the United States District Court for the Eastern District of Pennsylvania, Mr. Cooper was found guilty of seventeen (17) counts. See id., Docket Entry No. 812.[2] In August 2006, the Eastern District of Pennsylvania sentenced Mr. Cooper to life imprisonment without possibility of release, fines, and special assessments. See id., Docket Entry No. 846, 900, 911. Plaintiff then appealed his conviction to the Third Circuit, where his appeal is currently pending. See id, Docket Entry No. 922; see also Docket Sheet for 06-3645 (3rd Cir.).

Today Plaintiff, Federal Register No. 56382-066, is a federal inmate who is currently housed at the United States Penitentiary II in Coleman, a high security facility located in central Florida. See Pl.'s Am. Compl. at 1 (case caption); Pl.'s Mot. at 1 (case caption); Search Results on BOP Inmate Locator for "Andre Cooper" and for Register Number "56382-066," available at http://bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&LastName=cooper&Middle=&FirstName=andre&Race=U&Sex=U&Age=&x=32&y=32.

---

[2] Specifically, Mr. Cooper was found guilty of: (a) 1 count of "participation in the affairs of an interstate enterprise through a pattern of racketeering activity"; (b) 3 counts of "conspiracy to commit murder in aid of racketeering activity, aiding and abetting"; (c) 3 counts of "murder in aid of racketeering activity, aiding and abetting"; (d) 1 count of "tampering with a witness by murder"; (e) 2 counts of "using and carrying a firearm during and in retaliation to a crime of violence or possession in furtherance of a drug trafficking crime"; (f) 1 count of "conspiracy to distribute cocaine"; (g) 1 count of "conspiracy to distribute cocaine in a school zone"; (h) 1 count of "distribution of and possession with the intent to distribute cocaine, aiding and abetting"; (i) 1 count of "using and carrying a firearm during and in retaliation to a crime of violence or possession in furtherance of a drug trafficking crime, aiding and abetting"; (j) 2 counts of "distribution of and possession with the intent to distribute cocaine"; and (k) 1 count of "distribution of and possession with the intent to distribute cocaine, aiding and abetting." See Criminal Docket Sheet for USA v. Williams, et. al., 2:01-CR-00512-JCS-5 (Ed. Pa.) at 1-4, list of pending counts and Docket Entry No. 812.

II.     **The FOIA Requests that Plaintiff sent to the EOUSA and the EOUSA's Response**

    A.     **The Role of DOJ's Executive Office of the United States Attorneys and of DOJ's Office of Information and Privacy**

The Executive Office for United States Attorneys ("EOUSA"), within the United States Department of Justice ("DOJ"), is the office responsible for, among other things: responding to requests and litigation filed under both the FOIA and the Privacy Act; the reviewing of FOIA/Privacy Act requests for access to records located in the EOUSA and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom; the reviewing of correspondence related to requests, reviewing of searches conducted in response to requests; locating of responsive records; and the preparing of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the Privacy Act, as well as the DOJ regulations.  See Ex. 1, Luczynksi Decl. ¶¶ 1-3; see also Peralta v. United States Attorney's Office, 136 F.3d 169, 171 (D.C. Cir. 1998) (noting that EOUSA is "the entity responsible for responding to FOIA requests directed to local United States Attorney's Offices")

Among other things, the Office of Information and Privacy ("OIP") is "responsible for FOIA/PA appeals" from determinations on FOIA requests which are made by EOUSA.  See, e.g., 28 C.F.R. § 16.9; Lee v. U.S. Dep't of Justice, 2007 WL 2852538, *3 (W.D. Pa. 2007); see also Robert v. Dep't of Justice, 2001 WL 34077473, *7 (E.D. N.Y. 2001) (observing that "[i]t is undisputed that the OIP is the DOJ component responsible for handling appeals of adverse FOIA decisions.")

5

**B.     Plaintiff's Deficient June 14, 2006 FOIA Request (No. 06-2679), EOUSA's
Initial Response to this Request, Plaintiff's Correction of the Deficiency in
the Request, and EOUSA's Subsequent Supplemental Response to It**

By letter to the EOUSA, dated June 14, 2006, and received by the EOUSA on June 28,

2006, Plaintiff submitted a request for information under the FOIA and Privacy Act.  See Ex. 1,

Luczynksi Decl. ¶ 4 and Ex. A to Luczynksi Decl.[3]; see also Cooper Decl. ¶ 4.  Plaintiff's

FOIA/Privacy Act request was for "all records maintained by your agency pertaining to myself;

including, but not limited to, files and documents captioned in (or whose captions include) my

name in the title."  Id.  In this request, Plaintiff specifically asked that the response "include any

payments for the testimony or relocation of any witnesses or other civilians involved in the

investigations conducted by [the] U.S. Attorney's Off[ice]."  See Ex. 1, Luczynksi Decl., Ex. A;

see also Cooper Decl. ¶ 4.  EOUSA designated this FOIA request: "Request No. 06-2679."  See,

e.g., Ex. 1, Luczynksi Decl., Ex. B.  Although Plaintiff does not appear to put the government's

response to this FOIA request at issue in this action, information is provided about the FOIA

request in this section by way of background.

Plaintiff failed to specify in his June 14, 2006 FOIA request which District's United

States Attorney's Office ("USAO") he wanted the government to search.  See Exhibit A to

Luczynksi Decl.; Ex. 1, Luczynksi Decl. ¶ 5. Consequently, on August 31, 2006, EOUSA sent

Plaintiff a letter acknowledging receipt of Plaintiff's FOIA request but informing him that he

needed to include this information before his request could be processed.  See Ex. 1, Exhibit B to

Luczynksi Decl.; Ex. 1, Luczynksi Decl. ¶ 5.  Specifically, EOUSA's August 31, 2006 letter

---

[3]  Plaintiff's social security number and date of birth have been redacted from the Privacy
Act statement which accompanied Plaintiff's June 14, 2006 FOIA request and appears on the last
page of exhibit A, in order to protect his privacy.

6

explained that

> Your Freedom of Information Act/Privacy Act request has been received. Since the files and records of United States Attorneys are located in more than 100 separate offices throughout the country, we ask that you identify the specific U.S. Attorney's office(s) where you believe the requested records exist. This would primarily be the district(s) in which prosecution or litigation occurred.

See Ex. 1, Ex. B to Luczynksi Decl. (emphasis in original). The letter further advised Plaintiff that the file for his FOIA request had been closed, invited Plaintiff to correct the aforementioned deficiency in his FOIA request and submit a new one, and explained that EOUSA would open a new file once it received a new, corrected FOIA request. Id.; see also Ex. 1, Luczynksi Decl. ¶ 5.

On or about September 8, 2006, Plaintiff filed an appeal of the EOUSA's August 31, 2006 response to Plaintiff's June 14, 2006 FOIA request with the OIP. See Ex. 1, Luczynksi Decl. ¶ 6, Exhibit C. In this appeal letter, Plaintiff indicated for the first time that "the district in which I was prosecuted was . . . the Eastern District of Pennsylvania." Id. With this submission, Plaintiff corrected the deficiency in his prior FOIA request: the absence of any indication as to which District should be searched. Id.

By letter dated November 17, 2006, OIP advised Plaintiff that it had received his appeal of EOUSA's August 31, 2006 response, and observed that "[a]lthough you failed to identify a federal district to be searched in your initial response letter, . . . you have identified the Eastern District of Pennsylvania in your appeal letter." See Ex. 1, Luczynksi Decl. ¶ 7, Exhibit D. Consequently, OIP informed Plaintiff that it had decided to remand his FOIA request so that "a search for responsive records" could be "conducted by the United States Attorney's Office for the Eastern District of Pennsylvania." See Ex. 1, Luczynksi Decl. ¶ 7, Exhibit D; Cooper Decl. ¶¶ 11, 15-16. The letter assured Plaintiff that EOUSA would send Plaintiff any responsive

7

records it located as a result of this search.  Id.

       In a letter dated January 24, 2007, EOUSA informed Plaintiff that "[w]e are currently searching for documents responsive to your FOIA/PA request and we have reached the two hours of search time provided to you at no charge."  See Ex. 1, Luczynksi Decl. ¶ 8, Exhibit E. EOUSA advised Plaintiff that the USAO for the Eastern District of Pennsylvania ("USAO/EDPA") had informed EOUSA that they had "about 41 boxes worth of records in the case that have to be searched" that might contain responsive records, and that the USAO/EDPA had informed EOUSA that "a complete search would take an additional 41 hours."  Id. EOUSA further explained that the search fee associated with such a search would be $1,148.00, with this sum reflecting an hourly search fee of $28.00, and the assumption that it would take approximately one hour to search each box.  Id.  EOUSA noted that a Federal Regulation, 28 C.F.R. § 16.11(i), authorized it to collect an advance payment before continuing to process a FOIA request if the estimated search fees associated with the search will exceed $250.00, and that as such Plaintiff would need to pay the $1,148.00 in search fees before EOUSA could continue with the processing of his request.  Id.  The letter explained that if Plaintiff wished to reduce his fees, he could reformulate his FOIA request by limiting the request to a specific category or categories.  Id.  Finally, EOUSA's January 24, 2007 letter warned Plaintiff that the matter would be considered closed if he did not respond within 30 days.  Id.  The undersigned counsel has been advised that Plaintiff never submitted the $1,148.00 search fee requested by EOUSA in its January 24, 2007 letter, nor did he propose a limitation of the scope of FOIA Request No. 06-2679, nor did he otherwise communicate with EOUSA regarding the FOIA request within the 30 day period provided for in that letter.

8

C.    **Plaintiff's May 18, 2006 FOIA Request (No. 06-1717) for Transcripts of
      Wiretaps and other Electronic Surveillance (the Request at Issue in this
      Action), and EOUSA's Broad Interpretation of that FOIA Request**

By letter to the EOUSA, dated May 18, 2006, and received by the EOUSA on June 2,

2006, Plaintiff had submitted another request for information under the FOIA and Privacy Act.

See Ex. 1, Luczynksi Decl. ¶ 9 and Exhibit F to Luczynksi Decl.[4]; see also Cooper Decl. ¶¶ 2-3.

Plaintiff's FOIA/Privacy Act request was for "all records maintained by your agency pertaining

to myself; including, but not limited to, files and documents captioned in (or whose captions

include) my name in the title" and specifically requested the inclusion of ". . . any transcripts of

recordings or any other related documents pertaining to any consensual or non-consensual

wiretap or other type of electronic surveillance, which are in [p]ossession of the US Attorney's

office in the Eastern District of Pennsylvania." Id. (emphasis added).

By letter dated June 14, 2006, EOUSA acknowledged receipt of Plaintiff's May 18, 2006

FOIA request and provided him with a FOIA reference number, Request Number 06-1717. See

Ex. 1, Luczynksi Decl. ¶ 10 and Exhibit G to Luczynksi Decl.; see also Am. Compl. ¶ 5, Ex. A;

Cooper Decl. ¶ 5. The letter also advised Plaintiff that his request would be processed in the

order it was received and that FOIA requests for "all information about myself in criminal case

files" are "usually known as "Project Requests," which might take up to 9 months to complete.

See Ex. 1, Luczynksi Decl. ¶ 10 and Exhibit G to Luczynksi Decl..

In order to provide the Plaintiff with the best opportunity for locating records responsive

to his request and in the interest of good customer service, EOUSA interpreted Plaintiff's FOIA

---

[4]  Plaintiff's social security number and date of birth have been redacted from the privacy
act statement which accompanied Plaintiff's May 18, 2006 FOIA request and appears on the last
page of exhibit F, in order to protect his privacy.

request number 06-1717 (for "transcripts of recordings or any other related documents pertaining to any consensual or non-consensual wiretap or other type of electronic surveillance") very broadly.  See Ex. 1, Luczynksi Decl. ¶ 14.  Specifically, in conducting its search for responsive documents, EOUSA deemed all types of transcripts to be responsive, including not only transcripts of the wiretap records for which the Plaintiff asked, but also any and all types of transcripts in general.  Id.  As is described below, sixty pages worth of documents were the only transcripts that were ultimately located as a result of the search.  Id.

> **D.    The Search that was Conducted by the USAO for the Eastern District of Pennsylvania for Documents Responsive to FOIA Request No. 06-1717, and EOUSA's Response**

Each USAO has a designated FOIA Contact who serves as the official liaison between that District and the FOIA/Privacy Staff in EOUSA.  See Ex. 1, Luczynksi Decl. ¶ 16; Ex. 4, Luczynski Supp. Decl. ¶ 5.  Since February 2006, the designated FOIA Contact in the USAO/EDPA has been Susan Falken.  See Ex. 1, Luczynksi Decl. ¶ 16; Ex. 2, Declaration of Susan J. Falken ("Falken Decl.") ¶ 1; Ex. 4, Luczynski Supp. Decl. ¶ 5.  Ms. Falken, a law librarian at the USAO/EDPA, is responsible for, among other things, coordinating responses to FOIA/Privacy Act requests for access to records located in the USAO/EDPA with EOUSA.  See Ex. 2, Falken Decl. ¶ 1.  In this capacity, she "identif[ies], discuss[es], and ship[s] records as directed by EOUSA, but make[s] no determinations regarding the release of the documents."  Id. at ¶ 1.  Ms. Falken coordinated the search efforts at the USAO/EDPA in connection with Plaintiff's FOIA Request No. 06-1717.  See Ex. 1, Luczynksi Decl. ¶ 16; Ex. 2, Falken Decl. ¶ 2; Ex. 4, Luczynski Supp. Decl. ¶ 5.

After EOUSA received Plaintiff's FOIA Request No. 06-1717, EOUSA undertook the

search for documents responsive to Plaintiff's FOIA request by forwarding the request to Ms.

Falken, the FOIA Contact for the USAO/EDPA.  <u>See</u> Ex. 1, Luczynksi Decl. ¶ 16; Ex. 4,

Luczynski Supp. Decl. ¶ 5.  On or about June 21, 2006, EOUSA sent Ms. Falken a copy of

Plaintiff's FOIA request number 06-1717 via facsimile.  <u>See</u> Ex. 2, Falken Decl. ¶ 3.  Upon her

receipt of this request, Ms. Falken began a systematic search for records on Andre Cooper to

determine the location of any and all files relating to him in order to comply with the request.

<u>See</u> Ex. 1, Luczynksi Decl. ¶ 16; Ex. 4, Luczynski Supp. Decl. ¶ 5.

      Each USAO maintains the case files for criminal matters prosecuted by that office.  <u>See</u>

Ex. 1, Luczynksi Decl. ¶ 16; Ex. 4, Luczynski Supp. Decl. ¶ 5.  Specifically, the USAO/EDPA

(and USAOs in other districts) maintains and currently uses a computerized docketing/case

management system known as the Legal Information Office Network System ("LIONS").  <u>See</u>

Ex. 2, Falken Decl. ¶¶ 4, 6; <u>see also</u> Ex. 1, Luczynksi Decl. ¶ 17; Ex. 4, Luczynski Supp. Decl.

¶ 6.  LIONS is a computerized system of records which can be used to track cases or matters for

the entire USAO/EDPA, and to retrieve files pertaining to cases and investigations.  <u>See</u> Ex. 2,

Falken Decl. ¶ 4; <u>see also</u> Ex. 1, Luczynksi Decl. ¶ 17; Ex. 4, Luczynski Supp. Decl. ¶ 6.

Whenever an office file on a new matter or new case is opened at the USAO/EDPA, the

USAO/EDPA's docketing section enters applicable information into the LIONS computer system

and assigns the case or matter a "USAO" number which is used as an internal tracking number

for the USAO/EDPA.  <u>See</u> Ex. 2, Falken Decl. ¶ 4; Ex. 4, Luczynski Supp. Decl. ¶ 6.  The

information entered into the LIONS system is based on a series of individual records which are

linked together, or related, in a logical order.  <u>See</u> Ex. 2, Falken Decl. ¶ 4.  These records may

include, but are not limited to, the following pieces of information: the names of parties; the

names of any related cases; what the case is about; the name of the Assistant United States

Attorney ("AUSA") responsible for handling the case; the specific Court before which the case is

pending; and the procedural posture of the case.  See Ex. 2, Falken Decl. ¶ 4.  The LIONS system

allows a user to search all USAO matters for a specific name, and to retrieve all matters which

contain references to that name.  See Ex. 2, Falken Decl. ¶ 5.  The LIONS system is capable of

cross-referencing other related cases if such related case information is entered into the system.

See Ex. 2, Falken Decl. ¶ 5.  By use of the LIONS system, the user can access databases which

can be used to retrieve information based on a criminal defendant's name, the USAO number

(United States' Attorney's Office internal administrative number), and the district court case

number.  See Ex. 1, Luczynksi Decl. ¶ 17; Ex. 4, Luczynski Supp. Decl. ¶ 6.

       On or about July 31, 2006, Ms. Falken performed a search on LIONS using Plaintiff's

name as a search term.  See Ex. 2, Falken Decl. ¶ 7; see also Ex. 1, Luczynksi Decl. ¶¶ 16-17.

When she did so, the LIONS system indicated that a case involving the Plaintiff had been

assigned to AUSA Faithe Moore Taylor.  See Ex. 2, Falken Decl. ¶ 7; Ex. 4, Luczynski Supp.

Decl. ¶ 6.  On or about July 31, 2006, Ms. Falken checked the federal District Court's Public

Access to Computerized Records ("PACER") system in the U.S. party/case index.  See Ex. 2,

Falken Decl. ¶ 8; see also http://pacer.uspci.uscourts.gov/ (website of PACER Service Center's

U.S. Party/Case Index); Ex. 1, Luczynksi Decl. ¶ 17.  Ms. Falken noted that PACER listed one

criminal case involving an Andre Cooper in the Eastern District of Pennsylvania: Criminal

No.2:01CR00512.  See Ex. 2, Falken Decl. ¶ 8.

       On or about August 8, 2006, Ms. Falken sent an e-mail message to AUSA Faithe Moore

Taylor, in which she informed AUSA Taylor that "[a] FOIA request had arrived re[garding]:

Andre Cooper" and that Plaintiff had requested "'any transcripts of recordings or any other

related documents pertaining to any consensual or non-consensual wiretaps or other types of

electronic surveillance . . . in the possession of'" the USAO/EDPA.  See Ex. 2, Falken Decl. ¶ 9;

Falken Decl., Ex. A.  In this message, Ms. Falken also asked AUSA Taylor to give her a sense of

when she could meet to discuss the request and retrieve the items, if they were available.  Id.

That same morning, AUSA Taylor sent a reply to Ms. Falken's e-mail in which she explained

that:

> There were no wiretaps in [Mr.] Cooper's case.  He was provided with all of the
> consensual recordings in the goevrnment's [sic.] possession as well as the
> transcripts, during his trial . . . In fact, his attorney used many of them during their
> case in chief during the penalty phase. . .

See Ex. 2, Falken Decl. ¶ 10; Falken Decl., Ex. A and Ex. B.

Subsequently, AUSA Taylor and AUSA Nancy Winter, who had served as co-counsel in

the aforementioned Cooper case, took Ms. Falken to a room filled with documentation

concerning the Cooper case, and gave Ms. Falken a transcript book which contained all of the

transcripts of recordings in the Cooper case.  See Ex. 2, Falken Decl. ¶ 11.  Ms. Falken made a

copy of all of the transcripts.  Id.

On or about August 8, 2006, Ms. Falken sent a copy of all of the transcripts of the

recordings from the Cooper case to EOUSA office in Washington, D.C., along with a completed

"Certification of Search" form which identified "Andre Cooper" as the requester and "06-1717"

as the relevant FOIA request number.  See Ex. 2, Falken Decl. ¶ 12; Falken Decl., Ex. C.  Among

other things, this Certification of Search form noted that, in performing her search for responsive

documents, Ms. Falken had: (1) searched under the name "Andre Cooper"; (2) searched under

13

the subject "Andre Cooper"; (3) searched the case file for "2001[C]R000512"; (3) used the

LIONS computer system and PACER system; and, (4) e-mailed two "Criminal AUSAs." See

Falken Decl., Ex. C. Ms. Falken also sent EOUSA a memorandum which: (1) indicated that her

office had received Plaintiff's FOIA Request No. 06-1717 on June 21, 2006; (2) advised EOUSA

that the "[r]ecords requested are enclosed"; and (3) explained that there were:

> [n]o wiretaps in this case. All consensual. All transcripts [are] attached. Case is
> pending appeal post sentencing.

See Ex. 2, Falken Decl. ¶ 12; Falken Decl., Ex. C; see also Ex. 1, Luczynksi Decl. ¶ 16.

All of the documents related to Plaintiff's FOIA request number 06-1717 have been

located in the USAO/EDPA. See Ex. 1, Luczynksi Decl. ¶ 18; Ex. 4, Luczynski Supp. Decl. ¶ 7.

The records are maintained in the files that the USAO/EDPA has which relate to the United

States v. Andre Cooper case. See Ex. 1, Luczynksi Decl. ¶ 18; Ex. 4, Luczynski Supp. Decl. ¶ 7.

There are no other records systems or locations within the Eastern District of Pennsylvania which

maintained a system of records pertaining to Plaintiff's name. See Ex. 1, Luczynksi Decl. ¶ 19;

Ex. 4, Lucznski Supp. Decl. ¶ 8.

**E.     EOUSA's Initial Response to FOIA Request No. 06-1717, and OIP's Initial
         Decision on Appeal**

By letter dated August 9, 2006, and received on August 28, 2006, Plaintiff asked that he

be advised about the status of EOUSA's response to FOIA request number 06-1717. See Ex. 1,

Luczynksi Decl. ¶ 11; Exhibit H to Luczynksi Decl.. The following day, August 29, 2006,

EOUSA sent Plaintiff a letter concerning FOIA request number 06-1717. See Ex. 1, Luczynksi

Decl. ¶ 12; Exhibit I to Luczynksi Decl.; Cooper Decl. ¶ 6; see also Am. Compl.,¶ 6, Exhibit B to

Am. Compl.. Plaintiff was notified in that letter that a search for wiretap information concerning

his case had uncovered 60 pages of transcripts, all of which contained information which was not releasable because those documents were covered by FOIA exemption (b)(3), which protects grand jury materials from disclosure.  Id.  As a result, all 60 pages were withheld in full ("WIF") from release to the Plaintiff.  Id.  The letter informed Plaintiff of his right to file  an appeal in writing with OIP within 60 days of the date of the August 9, 2006 letter if he wished.  Id.  By letter dated September 8, 2006, Plaintiff filed an appeal of the EOUSA's August 29, 2006 determination with the OIP.  See Ex. 1, Luczynksi Decl. ¶ 11; Exhibit J to Luczynksi Decl..

On December 11, 2006, OIP issued a final decision concerning FOIA Request Number 06-1717, in which it also referenced its earlier November 17, 2006 decision respecting FOIA Request Number 06-2679 and the processing of that request which was then underway.  See Ex. 1, Luczynksi Decl. ¶ 15; Exhibit K to Luczynksi Decl..  OIP noted that whereas request number 06-2679 was a general and open ended request for records pertaining to Plaintiff, Plaintiff's FOIA request number 06-1717 had been interpreted as "a request only for wiretap and surveillance information" pertaining to Plaintiff.  Id.  With specific reference to that FOIA request for wiretap and surveillance-related documents, OIP informed Plaintiff that, after a careful consideration of the appeal, it had decided to affirm EOUSA's August 29, 2006 determination, but on modified grounds.  Id.  OIP explained that it had "determined that the sixty pages of records originally withheld by EOUSA are not, in fact, responsive to your request" inasmuch as "[t]hese records are transcripts of consensual interviews by investigators of various third parties in your criminal case."  Id.  OIP further noted that "EOUSA located no actual wiretap or surveillance records responsive to your request."  Id.  The letter advised Plaintiff that, if he was dissatisfied with OIP's final decision on the matter, he was free to seek judicial review

15

in accordance with 5 U.S.C. § 552(a)(4)(B).  Id.

### F.    Plaintiff's Filing of an Original and an Amended Complaint in this Court

On April 24, 2007, Plaintiff initiated this action by filing a Complaint in the U.S. District

Court for the District of Columbia, requesting a release of all records responsive to his []

FOIA/Privacy Act requests.  See Docket Entry No. 1.  On or about May 30, 2007, Plaintiff filed a

Notice of Voluntary Dismissal in this action.  See Docket Entry No. 10.  On June 7, 2007, this

Court dismissed this action without prejudice.  See Docket Entry No. 12.  On or about July 12,

2007, Plaintiff filed a document which this Court deemed to be a Motion to Reopen this case.

See Docket Entry No. 13.  On or about September 17, 2007, Plaintiff filed an Amended

Complaint against Defendants.  See Docket Entry No. 14.  On September 24, 2007, this Court

issued an order granting Plaintiff's Motion to Reopen this case.  See Docket Entry No. 15 and

Minute Order dated September 24, 2007.

### G.    OIP's Second Revised Decision Concerning FOIA Request No. 06-1717, and EOUSA's Processing of that Request on Remand

Subsequent to the filing of Plaintiff's Am. Compl. and Pl.'s Mot., OIP conducted a

further review of Plaintiff's appeal file.  See Ex. 3, OIP's December 12, 2007 Letter; Ex. 4,

Lucznski Supp. Decl. ¶ 2 and Ex. A to Luczynski Supp. Decl.  Following this further review and

reconsideration, by letter dated December 12, 2007, the Associate Director of OIP advised

Plaintiff that

> Upon further review of your appeal file and in particular the wording of your
> request, and in an effort to construe your request as broadly as possible, I am
> vacating this Office's decision of December 11, 2006.  I have determined that the
> records located by EOUSA are responsive to your request.  Consequently, I am

> remanding your request for further processing of those records. EOUSA will
> respond to you directly.

See Ex. 3, OIP's December 12, 2007 Letter; Ex. A to Luczynski Supp. Decl. Thus, in its

December 12, 2007 decision, OIP vacated its prior decision of December 11, 2006, determined

that the 60 pages of documents which EOUSA had earlier found responsive were in fact

responsive to Plaintiff's FOIA request number 06-1717, and remanded that request to EOUSA

for further processing. See Ex. 3, OIP's December 12, 2007 Letter; Ex. 4, Luczynski Supp. Decl.

¶¶ 2-3 and Ex. A to Luczynski Supp. Decl.

On remand, EOUSA performed the additional processing which OIP had ordered. See

Ex. 4, Luczynski Supp. Decl. ¶¶ 4, 9-14. This additional processing had several components.

First, EOUSA noted that Plaintiff's entire FOIA request pertains to criminal investigations, and

that the materials were necessarily compiled for law enforcement purposes. See Ex. 4, Luczynski

Supp. Decl. ¶ 9. EOUSA specifically observed that the 60 pages of documents which it and OIP

had determined were responsive to Plaintiff's FOIA request consisted of transcripts of recordings

of drug buy transactions, and that this information had been compiled for law enforcement

purposes in order to assist in the investigation and prosecution of Andre Cooper. See Ex. 4,

Luczynski Supp. Decl. ¶¶ 9-10, 13. For this reason, EOUSA determined that the responsive

records withheld were exempt from mandatory disclosure under subsection (j)(2) of the Privacy

Act.[5] See id.

EOUSA next considered whether any of the FOIA exemptions applied to Plaintiff's FOIA

---

[5] As is discussed in more detail below, subsection (j)(2) of the Privacy Act exempts from
mandatory disclosure all records maintained by an agency or component performing as its
principal function any activity pertaining to the enforcement of criminal laws. See 5 U.S.C.
§ 552a(j)(2).

request.  See Ex. 4, Luczynski Supp. Decl. ¶ 9.  Specifically, EOUSA considered the extent to

which exemption (b)(7)(C) of the FOIA applied to the 60 pages of documents which it and OIP

had determined were responsive to Plaintiff's FOIA request.[6]  Id.  EOUSA found that the 60

pages of documents contained information concerning the identities of and personal information

about third party individuals, the release of which could subject such persons to an unwarranted

invasion of their personal privacy, and decided that the release of this identifying information

could result in unwanted efforts to gain further access to such persons or to personal information

about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory

publicity and inferences, all to their detriment.  See Ex. 4, Luczynski Supp. Decl. ¶¶ 10-11.

EOUSA further determined that: (1) there was no public interest in the release of this privacy-

protected information because dissemination of the information would not help explain the

activities and operations of the EOUSA or the USAO; (2) no public interest would

counterbalance the law enforcement and third party individuals' privacy right in the information

withheld under this exemption; and (3) no individual provided any authorization or consent to

disclose such information.  See Ex. 4, Luczynski Supp. Decl. ¶ 12.  Consequently, EOUSA

determined that information contained in such references could not be disclosed and should be

deleted and segregated in all the documents to which this exemption was applied.  See Ex. 4,

Luczynski Supp. Decl. ¶ 11.

       EOUSA applied exemption (b)(7)(C) to the entire 60 pages of  documents.  See Ex. 4,

---

[6]  As is discussed in greater detail below, exemption (b)(7)(C) of the FOIA exempts from
mandatory release records or information compiled for law enforcement purposes if such release
could reasonably be expected to constitute an unwarranted invasion of personal privacy.  See 5
U.S.C. § 552(b)(7)(C).

Luczynski Supp. Decl. ¶ 13 and Ex. B to Luczynski Supp. Decl. After the final processing, 48

pages were withheld in full ("WIF"), and 12 pages were redacted and released in part ("RIP") to

the Plaintiff.  Id.  The pages that were WIF contain no information that is related to the Plaintiff.

Id.  The 12 pages that have been RIP have redactions of all third party privacy-protected

information.  Id.  Such things consist of descriptions that mention people, locations, phone

numbers, as well as the identities of the persons speaking in addition to other things that they said

that may be used to identify certain individuals.  Id.

     EOUSA closely evaluated for segregability all documents that were either released-in-part

or withheld-in-full.  See Ex. 4, Luczynski Supp. Decl. ¶ 14 and Ex. B to Luczynski Supp. Decl.

All non-disclosed information was exempt from release pursuant to one or more of the various

FOIA and/or PA exemptions listed above, and EOUSA determined that no meaningful portions

of the withheld documents could reasonably be released without destroying the integrity of those

document as a whole.  Id.  In short, no reasonably segregable non-exempt information has been

withheld from Plaintiff.  Id.

     Plaintiff has only placed one FOIA request at issue in this action, namely FOIA Request

No. 06-1717 (concerning wiretap and other surveillance information).  He does not appear to

challenge Defendants' responses to his other FOIA requests.[7]  Should Plaintiff however choose

---

[7]  See, e.g.., Am. Compl. ¶¶ 1, 3, 5-8, Exs. A-D (seeking an order requiring Defendants to
"produce . . . the 60 pages of wiretap information and any other oral communications pertaining
to the petitioner, claiming that Plaintiff is "in need of the information of the wiretaps and any
other oral communications," and referencing and attaching copies of correspondence which was
specific only to FOIA Request No. 06-1717); Pl.'s Mot. at 2 (complaining that "[i]t wasn't until
August 29, 2006 that the EOUSA notified the plaintiff that indeed there was 60 pages of wiretap
information," but "that it was witholding the information" and referecing the "wiretap
information" that he alleges "is in the custody of the EOUSA"); Cooper Decl. At 3, ¶ 21
(asserting that it was because of the "conflict" in the findings of EOUSA and OIP regarding the

to request and be given leave to amend his complaint to put other FOIA requests at issue,

Defendants stand ready to defend their requests to those other FOIA requests.


## **ARGUMENT**

### I.    **STANDARD OF REVIEW**

While a complaint filed by a <u>pro se</u> litigant such as Mr. Cooper is held to a less stringent

standard than a pleading drafted by a lawyer, <u>pro se</u> litigants still must comply with the Federal

Rules of Civil Procedure and must present a claim on which the Court can grant relief.  <u>See</u>, <u>e.g.</u>,

<u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) (stating that the Supreme Court "[has] never

suggested that procedural rules in ordinary civil litigation should be interpreted as to [wholly]

excuse mistakes by those who proceed without counsel") (footnote omitted); <u>Crisafi v. Holland</u>,

655 F.2d 1305, 1308 (D.C. Cir.1981) (observing that "[a] pro se complaint, like any other, must

present a claim upon which relief can be granted by the court"); <u>Clements v. Gonzales</u>, 2007

W.L. 2137786, *3, n. 4 (D.D.C. 2007); <u>Chandler v. Roche</u>, 215 F.Supp.2d 166, 168 (D.D.C.

2002); <u>Neal v. Kelly</u>, 963 F.2d 453, 456-57 (D.C. Cir. 1992).  Applying these standards, the

Court should dismiss Plaintiff's action in its entirety.


### A.  **Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where

"there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment

---

"60 pages of wiretap information" that Plaintiff "filed the current Civil Action No. 07-744
(RMC)").

as a matter of law." See, e.g., Termorio S.A. E.S.P. v. Electranta S.P., 2007 W.L. 1515069, *12 (D.C. Cir. 2007); Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1041 (D.C. Cir. 2003); Washington Post Co. v. U.S. Dep't of Health and Human Servs., 865 F.2d 320, 325 (D.C. Cir. 1989). As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." See Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (emphasis added).

A plaintiff in a FOIA case must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'" See United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) (quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980)); see also 5 U.S.C. § 552(a)(4)(B). The agency's burden is to establish that it has conducted a search reasonably calculated to uncover all responsive records. See Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

Thus, summary judgment is available to a defendant agency in a FOIA case upon proof that it has fully discharged its obligations under the FOIA and the Privacy Act. See, e.g., Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994); Weisberg v. Dep't. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984); Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1350 (D.C. Cir. 1983); Snyder v. Central Intelligence Agency, 230 F. Supp. 2d 17, 19-20 (D.D.C. 2002). An agency satisfies the summary judgment requirements in a FOIA or Privacy Act case by showing that "each document that falls within the class requested either has been produced, is unidentifiable or is wholly exempt from the Act's inspection requirements." See Weisberg v.

U.S. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980) (quoting Nat'l Cable Television Ass'n
v. FCC, 479 F. 2d 183, 186 (D.C. Cir. 1973)).  Under the FOIA, "'[s]ummary judgment may be
granted on the basis of agency affidavits if they contain reasonable specificity of detail rather
than merely conclusory statements, and if they are not called into question by contradictory
evidence in the record or by evidence of agency bad faith.'"  See, e.g., Consumer Fed'n of
America v. Dep't of Agric., 455 F.3d 283, 287 (D.C. Cir. 2006) (citing Gallant v. NLRB, 26 F.3d
168, 171 (D.C. Cir.1994)); Negley v. F.B.I., 2006 W.L. 593032, **3 (D.C. Cir. 2006) ("[a]gency
affidavits are accorded a presumption of good faith which cannot be rebutted by purely
speculative claims about the existence and discoverability of other documents") (citing SafeCard
Services, Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir.1991)); McGehee v. Cent. Intelligence
Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983); Perry v. Block, 684 F.2d 121, 125-27 (D.C. Cir.
1982); Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir.1978); Snyder, 230 F. Supp. 2d at19-20
(quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)).

     In this case, the agency Defendants have filed three detailed declarations with this
pleading: two by a person familiar with EOUSA's procedures for determining whether that office
has received a FOIA/Privacy Act request and then responding to them and with the procedures
EOUSA and OIP followed in this case; and the other by the designated FOIA contact person for
the USAO/EDPA who conducted a search in that office for documents responsive to Plaintiff's
FOIA request.  See, e.g., Ex. 1, Luczynski Decl. ¶¶ 1-3; Ex. 2, Falken Decl. ¶¶ 1-2; Ex. 4,
Luczynski Supp. Decl. *generally*.  Since Defendants' declarations demonstrate that EOUSA,
OIP, and the USAO/EDPA met their obligations under the FOIA and the Privacy Act, and the
pleadings and other filings show no genuine issue as to any material fact, summary judgment

22

should be granted to the Defendants.

II.    **A Major Reason that DOJ's FOIA Regulations Provide for OIP Review of EOUSA's Initial Determinations on FOIA Requests and for Reconsideration of Earlier OIP Decisions is that these Mechanisms, Like Exhaustion Generally, Allow "the top managers of [DOJ] to correct mistakes made" at earlier stages and "thereby obviate[] unnecessary judicial review"**

In the Declaration accompanying his recently filed "Motion Asking for Leave to File a[] Memorandum of Law in Support of Plaintiff's Amended Petition," Plaintiff makes much of the fact that there was a "conflict" in the "findings of Mr. Metcalfe [of the OIP] and the denial of Mr. Stewart II [of EOUSA]" regarding his FOIA Request for "60 pages of wiretap information," inasmuch as EOUSA concluded that the materials which had been uncovered were exempt from disclosure whereas OIP concluded that they were non-responsive. See Cooper Decl. ¶¶ 18-21. With this objection, Plaintiff reveals a complete lack of comprehension of the very important function of the OIP in the DOJ FOIA context. Indeed, Plaintiff could also highlight the fact that OIP recently reversed itself on the question of whether the 60 pages of documents EOUSA and USAO/EDPA have uncovered are responsive to Plaintiff's FOIA request, and note that EOUSA invoked a different exemption in its second determination than in its first. Any argument by Plaintiff that such inconsistencies render DOJ's FOIA response per se unreasonable however would be unavailing, as an agency may and should be allowed to change its mind upon reflection. As is explained below, inconsistency between and among the findings of the initial decision maker in this context, EOUSA, and those of the appellate/final decision maker, OIP, are not only normal, they are welcome developments which signal that the FOIA administrative appeals process is functioning as it should, to correct errors made by lower level administrative bodies and obviate unnecessary judicial review. The inconsistency Plaintiff has bemoaned (and

23

may seek to bemoan) is a natural byproduct of an exhaustion procedure which serves agencies, FOIA requesters, and Courts well.

It is well-established in administrative law "'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" See McKart v. United States, 395 U.S. 185, 193 (1969) (internal citation omitted). Among the policy justifications which courts have cited in support of this general exhaustion requirement are: (1) "orderly procedure and good administration"; and (2) of particular relevance to this case, a recognition that "[s]imple fairness to those who are engaged in the tasks of administration, and to litigants" require that "objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts." See United States v. Tucker Truck Lines, 344 U.S. 33, 36-37 (1952) (emphasis added).

In the FOIA context, in particular, exhaustion of administrative remedies is required under the FOIA before a party can seek judicial review. See, e.g., Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986) ("[a]s this court has recently had occasion to state in the clearest of language, '[e]xhaustion of such [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review'") (internal citations omitted); see also Stebbins v. Nationwide Mutual Ins. Co., 757 F.2d 364, 366 (D.C. Cir. 1985); Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61-62 (D.C. Cir. 1990) (noting that "[c]ourts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts."); Crooker v. United States Secret Serv., 577 F.Supp.1218, 1219 (D.D.C. 1983). Whenever a FOIA/Privacy Act plaintiff attempts to obtain judicial review without having first fully exhausted his or her administrative remedies,

24

that plaintiff's lawsuit is subject to dismissal.  See  Oglesby 920 F.2d at 61; see also Hidalgo v.

FBI, 344 F.3d 1256, 1257 (D.C. Cir. 2003) (finding that "[b]ecause Hidalgo did not appeal the

FBI's denial to the Office of Information and Privacy (OIP) of the United States Department of

Justice (DOJ) as required under the DOJ regulations, we conclude Hidalgo failed to exhaust his

administrative remedies and, accordingly, we vacate the district court's summary judgment and

remand to the district court to dismiss the complaint for failure to exhaust"); Clemmons v. U.S.

Dep't of Justice, 2007 W.L. 1020796, *5 (D.D.C. 2007) (ruling that "Plaintiff's claims under the

FOIA fail because he never filed an appeal to the OIP as required to exhaust his administrative

remedies").

    One of the steps in DOJ's FOIA administrative appeals process is the filing of an appeal

with the OIP from the decision of a component of DOJ such as EOUSA.  See 28 C.F.R.

§§ 16.9(a) (instructing that "[i]f you are dissatisfied with a component's response to your request,

you may appeal an adverse determination denying your request, in any respect, to the Office of

Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, DC

20530- 0001" and. that "[y]ou must make your appeal in writing and it must be received by the

Office of Information and Privacy within 60 days of the date of the letter denying your request"),

16.9(c) (cautioning that "[i]f you wish to seek review by a court of any adverse determination,

you must first appeal it under this section.")[8]

---

    [8]  There are of course other exhaustion requirements which apply in the FOIA context as
well.  A FOIA/Privacy Act requester is deemed to have failed to exhaust administrative remedies
whenever the requester fails to comply with the administrative procedures set forth under the
FOIA/Privacy Act, including:  (1) providing a request to the particular office identified in the
agency's FOIA/Privacy Act regulations, Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C.
1995); (2) providing the agency the required proof of identity, Summers v. United States Dep't of

The Courts have recognized, in the FOIA context, that the purpose of the exhaustion requirement (including the rule that FOIA requesters must appeal to the OIP before seeking judicial review) is to give the agency "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision," as well as to allow "the top managers of an agency to correct mistakes made at lower levels and thereby obviate[] unnecessary judicial review."  See Oglesby, 920 F.2d at 61 (internal citation omitted and emphasis added); Greenberg v. U.S. Dep't of Treasury, 10 F.Supp.2d 3, *22 (D.D.C. 1998.) (same, further noting that "[t]he possibility that administrative review may obviate the need for judicial review is particularly important in FOIA cases, because FOIA cases require district judges to take time out of their busy schedules to 'acquire access to reams of paper, make intensive review of that material, and reach document-specific conclusions.'") (internal citation omitted); see also Hidalgo v. F.B.I., 344 F.3d 1256, 1259-60 (D.C. Cir. 2003) (observing that among the "purposes of the exhaustion doctrine" are that it allows the agency to "correct or rethink initial misjudgments or errors" and finding, in that case, a party's failure to pursue a proper appeal to DOJ's OIP undercut this policy imperative) (internal citations and quotations omitted).

Inasmuch as the Courts have recognized that one of the purposes of administrative

Justice, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (3) reasonably describing the records sought, Gillin v. I.R.S., 980 F.2d 819, 822-23 (1st Cir. 1992); (4) complying with fee requirements, Trueblood v. United States Dep't of Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996); and (5) administratively appealing a denial of records, Oglesby, 920 F.2d at 61; see also 5 U.S.C. § 552(a)(3)(A) (requests must be made "in accordance with [the agency's] published rules stating the time, place, fees (if any), and procedures to be followed . . . ."); 28 C.F.R. §§ 16.1 et. seq. (DOJ's FOIA regulations).

appeals mechanisms generally and of the FOIA OIP appeal procedure in particular is to allow agencies to "correct or rethink initial misjudgments or errors," this Court should reject Plaintiff's argument that the fact that OIP's final decision was at variance with EOUSA's initial determination somehow renders the agency's FOIA response unlawful or unreasonable, or any argument premised on inconsistency between OIP's first and second decisions and EOUSA's first and second determination.  Id.  It is the OIP's final determination and EOUSA's subsequent, second response that are the final agency actions at issue in this Court, and these decisions were reasonable.

After all, FOIA Request Number 06-1717 sought documents concerning "all records maintained by your agency pertaining to myself" including ". . . any transcripts of recordings or any other related documents pertaining to any consensual or non-consensual wiretap or other type of electronic surveillance, which are in [p]ossession of the US Attorney's office in the Eastern District of Pennsylvania."  See Ex. 1, Luczynksi Decl. ¶ 9 and Exhibit F to Luczynksi Decl. (emphasis added); see also Cooper Decl. ¶¶ 2-3.  After conducting a search for responsive documents, EOUSA had initially been of the impression that there had been "no actual wiretap or surveillance records responsive to Plaintiff's request" and that the 60 pages worth of documents that they uncovered were only transcripts of "consensual interviews by investigators of third parties involved with Plaintiff's criminal case."[9]  OIP had initially shared this erroneous view.[10]

_____

[9]  See, e.g., Ex. 1, Luczynksi Decl. ¶ 15; id. at ¶ 14 (noting also that "60 pages of [transcripts of] voluntary witness and other third-party interviews were the only transcripts that were located as a result of the search").

[10]  See Ex. 1, Ex. K to Luczynksi Decl. (OIP decision, noting that "EOUSA located no actual wiretap or surveillance records responsive to your request," but only "transcripts of consensual interviews by investigators of various third parties in your criminal case").

Based on its assumption that the 60 pages of documents were transcripts of "consensual interviews by investigators of various third parties," OIP initially concluded that these documents could not be deemed "documents pertaining to any consensual or non-consensual wiretap or other type of electronic surveillance."  See Ex. 1, Ex. K to Luczynksi Decl.  It was only later, upon a reconsideration of the matter, that OIP noticed that the 60 pages of documents were in fact transcripts of recordings of drug buy transactions, not "consensual interviews by investigators of third parties involved with Plaintiff's criminal case," and thus were in fact responsive to Plaintiff's FOIA request.  See Ex. 4, Luczynski Supp. Decl. ¶¶ 2-3 and Ex. A to Luczynski Supp. Decl.; see also Ex. 3, OIP's December 12, 2007 decision letter.  Thus, OIP's decision corrected an error EOUSA and OIP had both made in evaluating the 60 pages worth of documents, just the sort of result the courts would expect and hope an administrative appeal to accomplish.

III.    **Plaintiff's Claims Against Defendants are Unavailing as EOUSA and the USAO/EDPA Conducted an Adequate Search For Documents Responsive to Plaintiff's Request No. 06-1717 for Wiretap and Electronic Surveillance Documents**

As has been noted, the FOIA request which is at issue in this action was FOIA Request Number 06-1717, which sought documents concerning "all records maintained by your agency pertaining to myself; including, but not limited to, files and documents captioned in (or whose captions include) my name in the title" and which specifically requested the inclusion of  ". . . any transcripts of recordings or any other related documents pertaining to any consensual or non-consensual wiretap or other type of electronic surveillance, which are in [p]ossession of the US Attorney's office in the Eastern District of Pennsylvania."  See Ex. 1, Luczynksi Decl. ¶ 9 and

28

Exhibit F to Luczynksi Decl. (emphasis added); see also Cooper Decl. ¶¶ 2-3.

      In responding to a FOIA/Privacy Act request, an agency is under a duty to conduct a reasonable search for responsive records: no more and no less.  See, e.g., Oglesby, 920 F.2d at 68; Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir.1986) (search is not presumed unreasonable simply because it fails to produce all relevant material); Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir.1984); Weisberg v. United States Dep't of Justice, 705 F.2d 1344, 1351-52 (D.C. Cir. 1983); Perry v. Block, 684 F.2d 121, 128 (D.C. Cir. 1982) (agency need not demonstrate that all responsive documents were found and that no other relevant documents could possibly exist); Weisberg v. United States Dep't of Justice, 627 F.2d 365, 371 (D.C. Cir. 1980); Marks v. United States Dep't of Justice, 578 F.2d 261, 263 (9th Cir. 1978) (no requirement that an agency search every division or field office on its own initiative in response to a FOIA request when the agency believes responsive documents are likely to be located in one place); Judicial Watch, Inc. v. U.S. Food and Drug Admin., 514 F.Supp.2d 84, 88 (D.D.C. 2007); Keys v. Department of Homeland Sec., 510 F.Supp.2d 121, 126 (D.D.C. 2007); Canning v. U.S. Dep't of Defense, 499 F.Supp.2d 14, 22-23 (D.D.C. 2007); Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health and Human Servs., 844 F. Supp. 770, 776 (D.D.C. 1993). The adequacy of a search is necessarily "'dependent upon the circumstances of the case.'"  See, e.g., Moayedi v. U.S. Customs and Border Protection, 510 F.Supp.2d 73, 79 (D.D.C. 2007); Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990); Weisberg, 705 F. 2d at 1351; Kronberg v. Dep't of Justice, 875 F. Supp. 861, 869 (D.D.C. 1995).  "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." See Meeropol, 790 F.2d at 956; Moayedi, 510 F.Supp.2d at 79.

Indeed, an agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located.  See, e.g., Oglesby, 920 F.2d at 68; Georgia-Pacific Corp. v. Internal Revenue Serv., 2007 WL 1114126, *5 (D.D.C. 2007).  Additionally, the search standards under the FOIA and the Privacy Act do not place upon the agency a requirement that it prove that all responsive documents have been located.  See Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892, n.7 (D.C. Cir. 1995);  Perry, 684 F.2d at 128 .  Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent.  Id.  Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it.  See, e.g., Maynard v. CIA, 986 F.2d 547, 564 (1st Cir. 1993).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  See, e.g., Georgia-Pacific Corp., 2007 WL 1114126, *5; Baker & Hostetler LLP v. U.S. Dep't of Commerce, 473 F.3d 312, 318 (D.C. Cir. 2006); Oglesby, 920 F.2d at 68.  "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith."  See Miller, 779 F.2d at 1383; Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1987).  Once the agency has proffered such evidence, i.e., a legally-sufficient affidavit, the burden then shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency.  See Miller, 779 F.2d at 1383.  It is insufficient, however, for a requester to attempt to rebut the agency affidavit with purely

30

speculative claims.  See Carney v. U.S. Dep't of Justice, 19 F.3d 807, 813 (2d Cir. 1994);

SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1200 (D.C. Cir. 1991) (explaining that

"[a]gency affidavits are accorded a presumption of good faith, which cannot be rebutted by

"purely speculative claims about the existence and discoverability of other documents"); Ground

Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir.1981).

 The declarations of David Luczynski and Susan J. Falken  demonstrate through detailed,

non-conclusory averments that, in this case in response to Plaintiff's FOIA Request No. 06-1717,

the EOUSA and USAO/EDPA engaged in a "good faith effort to conduct a search for the

requested records, using methods which [were] reasonably expected to produce the information

requested."  See Oglesby, 920 F. 2d at 68; Ex. 1, Luczynski Decl. *generally*; Ex. 2, Falken Decl.

*generally*; Ex. 4, Luczynski Supp. Decl. *generally*.  The declarations describe in detail the

searches that were conducted to locate documents responsive to Plaintiff's FOIA Request No.

06-1717.  See Ex. 1, Luczynski Decl. ¶¶ 4-20; Ex. 2, Falken Decl. ¶¶ 3-14; Ex. 4, Luczynski

Supp. Decl. ¶¶ 4-15.  The Defendants have carried their burden to show that they conducted a

search reasonably calculated to uncover all responsive records.  See Weisberg, 745 F. 2d at 1485;

Perry v. Block, 684 F.2d 121,126 (D.C. Cir. 1982).  That is all that is required. Thus, the EOUSA

and DOJ are entitled to judgment as a matter of law on Plaintiff's claims concerning the

reasonableness of their search.

**IV. EOUSA has Submitted A Proper "Vaughn" Index in Response to Plaintiff's FOIA
  Request No. 06-1717 for Wiretap and Electronic Surveillance Documents**

 A Court has jurisdiction over a FOIA or a Privacy Act action only where an agency has

improperly withheld agency records.  See 5 U.S.C. § 552(a)(4)(B).  In moving for summary

judgment in a FOIA case, an agency must establish a proper basis for its withholding of responsive documents.  "In response to this special aspect of summary judgment in the FOIA context, agencies regularly submit[] affidavits . . . in support of this motion for summary judgment against FOIA Plaintiff."  See Judicial Watch v. U.S. Dep't of Health and Human Services, 27 F. Supp. 2d 240, 242 (D.D.C. 1998).  The declaration or affidavit (singly or collectively) is often referred to as a Vaughn index, after the case of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564 (1974).  There is no set formula for a Vaughn index.  "[I]t is well established that the critical elements of the Vaughn index lie in its function, and not in its form."  See Kay v. FCC, 976 F.Supp. 23, 35 (D.D.C. 1997).  "The materials provided by the agency may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege."  See Delaney, Midgail & Young, Chartered v. IRS, 826 F.2d 124, 128 (D.C. Cir. 1987).  See also Keys v. U.S. Dep't of Justice, 830 F.2d 337, 349 (D.C. Cir. 1987); Hinton v. Dep't of Justice, 844 F.2d 126, 129 (3d Cir. 1988).[11]

The Vaughn Index serves a threefold purpose: (1) it identifies each document withheld; (2) it states the statutory exemption claimed; and (3) it explains how disclosure would damage the interests protected by the claimed exemption.  See Citizens Commission on Human Rights v. FDA, 45 F.3d 1325, 1326, n. 1 (9th Cir. 1995).  "Of course the explanation of the exemption claim and the descriptions of withheld material need not be so detailed as to reveal that which the agency wishes to conceal, but they must be sufficiently specific to permit a reasoned judgment as

---

[11]  "All that is required, and that is the least that is required, is that the requester and the trial judge be able to derive from the index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure."  Id.

to whether the material is actually exempt under FOIA." See Founding Church of Scientology v. Bell, 603 F.2d 945, 949 (D.C. Cir. 1979). "Agency affidavits can satisfy Vaughn's requirements if they provide 'the kind of detailed, scrupulous description that enables a District Court judge to perform a searching de novo review.'" See Queen v. Gonzales, 2005 WL 3204160, *2 (D.D.C. 2005) (citing Church of Scientology of Cal., Inc. v. Turner, 662 F.2d 784, 786 (D.C. Cir.1980) and Keys v. U.S. Dep't of Justice, 830 F.2d 337, 349 (D.C. Cir.1987)).

In the case at bar, Defendants have submitted three detailed declarations by two individuals in support of their motion for summary judgment which explain the basis for EOUSA's ultimate decision to withhold and redact portions of the 60 pages worth of documents OIP ultimately deemed responsive to Plaintiff's FOIA request no. 06-1717. See Ex. 1, Luczynski Decl. *generally*; Ex. 2, Falken Decl. *generally*; Ex. 4, Luczynski Supp. Decl. *generally*. These declarations were prepared by individuals familiar with EOUSA's and OIP's handling of the referred request. Id. Collectively, the declarations submitted in support of this motion meet the requirements of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564 (1974), and provide the Court with the requisite basis to grant Defendants' motion for summary judgment.

## V.  The Records Plaintiff Requested in FOIA Request No. 06-1717 Are Exempt From the Privacy Act's Disclosure Provisions

EOUSA processes all requests made by individuals for records pertaining to themselves under both the FOIA and Privacy Act in order to provide the requester with the maximum disclosure authorized by the Acts. See, e.g., Ex. 4, Luczynski Supp. Decl. ¶ 9. Subsection (j)(2) of the Privacy Act allows an agency to promulgate regulations exempting from mandatory

disclosure:

> records . . . maintained by an agency or component thereof which performs as its
> principal function any activity pertaining to the enforcement of criminal laws,
> including police efforts to prevent, control, or reduce crime or to apprehend
> criminals, and the activities of prosecutors, courts, correctional, probation, pardon,
> or parole authorities, and which consists of (A) information compiled for the
> purpose of identifying individual criminal offenders and alleged offenders and
> consisting only of identifying data and notations of arrests, the nature and
> disposition of criminal charges, sentencing, confinement, release, and parole and
> probation status; (B) information compiled for the purpose of a criminal
> investigation, including reports of informants and investigators, and associated
> with an identifiable individual; or (C) reports identifiable to an individual
> compiled at any stage of the process of enforcement of the criminal laws from
> arrest or indictment through release from supervision.

See 5 U.S.C. § 552a(j)(2).  Thus, Subsection (j)(2) exempts from mandatory disclosure all

records maintained by an agency or component performing as its principal function any activity

pertaining to the enforcement of criminal laws.  See 5 U.S.C. § 552a(j)(2).

Criminal case files maintained by USAOs are part of the DOJ Privacy Act System of

Records.  See, e.g., Ex. 4, Luczynski Supp. Decl. ¶ 9.  The Attorney General has promulgated

regulations at 28 C.F.R. § 16.81(a) which exempt U.S. Attorney's Office criminal case files

(known as Justice/USA-007 files) from the PA's access provisions, as authorized by 5 U.S.C.

§ 552a(j)(2).  See 28 C.F.R. § 16.81(a)(4); see also Ex. 4, Luczynski Supp. Decl. ¶ 9.

Since Plaintiff's entire request pertains to criminal investigations, the materials were

necessarily compiled for law enforcement purposes.  See Ex. 4, Luczynski Supp. Decl. ¶ 9.

Therefore, EOUSA determined that the responsive records withheld were not disclosable under

the PA.  See Ex. 4, Luczynski Supp. Decl. ¶ 9.  Accordingly, EOUSA next  reviewed the records

under the provisions of the FOIA.

VI.    **EOUSA Properly Applied FOIA Exemption (B)(7)(C)**

Among other things, the FOIA does not apply to matters that are:

(7)  records or information compiled for law enforcement purposes, but only to
the extent that the production of such law enforcement records or information . . .
(C) could reasonably be expected to constitute an unwarranted invasion of
personal privacy . . .

See 5 U.S.C. § 552(b)(7)(C).

The Courts have repeatedly recognized, based in part on the traditional recognition of the

strong privacy interests inherent in law enforcement records, that the "categorical withholding"

of information that identifies third parties in law enforcement records will ordinarily be

appropriate under Exemption 7(C).  See, e.g., Elliott v. F.B.I.., 2007 WL 1302595, *4 (D.D.C.

2007); Barbosa v. Dep't of Justice, 2007 WL 1201604, *3 (D.D.C. 2007); Peay v. Dep't of

Justice, 2007 WL 788871, *5 (D.D.C. 2007).[12]  The Courts have allowed for"categorical

withholding" of information that identifies third parties in law enforcement records under

Exemption 7(C) in part  to protect those individuals from the stigma of being associated with

---

[12]  See also United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,
489 U.S. 749, 780 (1989); Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 893, 895-896
(D.C. Cir. 1995) (reiterating that those portions of records in investigatory files which would
reveal subjects, witnesses, and informants in law enforcement investigations are categorically
exempt) (internal citation omitted); SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1206 (D.C.
Cir. 1991); Mack v. Dep't of the Navy, 259 F. Supp 2d 99, 106 (D.D.C. 2003) (protecting
identities of law enforcement agents, victims, witnesses, subjects of investigative interest, and
third parties contained in investigative records categorically); Ctr. to Prevent Handgun Violence
v. U.S. Dep't of the Treasury, 981 F. Supp. 20, 24 (1997) (stating that "categorical exclusion
from release of names of law enforcement reports applies only to subjects, witnesses, or
informants of law enforcement investigations").

criminal activity.[13]

Thus, this exemption has regularly been applied to withhold references to persons who are not targets of investigations and who are merely mentioned in law enforcement files, as well as to persons of "investigatory interest" to a criminal law enforcement agency, in the context of electronic surveillance as well as in other contexts.  See, e.g., Judicial Watch, Inc. v. F.B.I., 2001 WL 35612541, *6 (D.D.C. 2001); Safecard, 926 F. 2d at 1206 (protecting names of third parties); Davis v. U.S. Dep't of Justice, 968 F. 2d 1276, 1281-82 (D.C. Cir. 1992) (deciding that "embarrassment and reputational harm" would result from disclosure of taped conversations of individuals with members of organized crime family); Reporters Comm. for Freedom of the Press v. U.S. Dep't of Justice, 816 F.2d 730, 780 (D.C. Cir. 1987), modified on other grounds, 831 F.2d 1124 (D.C. Cir. 1987), rev'd on other grounds, 489 U.S. 749 (1989); Computer Prof'ls for Social Responsibility v. U.S. Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996); Fund v. Constitutional Gov't v. Nat'l Archives & Records Serv., 656 F.2d 856, 861-66 (D.C. Cir. 1981) (withholding identities of persons investigated but not charged, unless "exceptional interests

---

[13]  See, e.g., Ruston v. Bureau of Alcohol, Tobacco, Firearms and Explosives, 2007 WL 666568, *2 (D.D.C. 2007); Fitzgibbon v. CIA, 911 F. 2d 755, 767 (D.C. Cir. 1990) (recognizing the "'strong interest' of individuals, whether they be suspects, witnesses, or investigators, 'in not being associated unwarrantedly with alleged criminal activity'") (internal citation omitted); see also Quiñon v. FBI, 86 F. 3d 1222, 1230 (D.C. Cir. 1996) (ruling that "[p]ersons involved in FBI investigations – even if they are not the subject of the investigation – 'have a substantial interest in seeing that their participation remains secret'") (internal citation omitted); Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv., 72 F. 3d 897, 904 (D.C. Cir. 1996); Lesar v. U.S. Dep't of Justice, 636 F. 2d 472, 488 (D.C. Cir. 1980); Morley v. U.S. CIA, 453 F. Supp. 2d 137, 155 (D.D.C. 2006); Burke v. U.S. Dep't of Justice, 1999 WL 1032814, *4 (D.D.C.1999); Inglesias v. CIA, 525 F. Supp. 547, 562 (D.D.C. 1981); Cong. News Syndicate v. U.S. Dep't of Justice, 438 F. Supp. 538, 541 (D.D.C. 1977) (noting that "an individual whose name surfaces in connection with an investigation may, without more, becomes the subject of rumor and innuendo").

militate in favor of disclosure.")

The names of law enforcement officers who work on criminal investigations have also traditionally been protected against release by Exemption 7(C). See, e.g., Davis v. U.S. Dep't of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992); Lesar v. U.S. Dep't of Justice, 636 F.2d 472, 487-488 (D.C. Cir. 1980); .Dunkelberger v. U.S. Dep't of Justice, 1988 WL 104959, *1 (D.D.C. 1988). Similarly, individuals who provide information to law enforcement authorities, like the law enforcement personnel themselves, have protectable privacy interests in their anonymity. See Computer Prof'ls for Social Responsibility, 72 F.3d at 904; Farese v. U.S. Dep't of Justice, 683 F. Supp. 273, 275 (D.D.C. 1987). The fact that the requester might be able to ascertain the individuals' identities through other means, or that their identities have been disclosed elsewhere, does not diminish their privacy interests. See Fitzgibbon v. CIA, 911 F.2d 755, 768 (D.C. Cir. 1990); Weisberg v. Dep't of Justice, 745 F.2d 1476, 1491 (D.C. Cir. 1984).

Once a privacy interest has been established, as here, it must be balanced against the public interest, if there is any, that would be served by disclosure. See Boyd v. Criminal Div. of U.S. Dep't of Justice, 475 F.3d 381, 387 (D.C. Cir. 2007); Barbosa v. Dep't of Justice, 2007 WL 1201604, *3 (D.D.C. 2007) (noting that "third-party identifying information contained in law enforcement records is categorically protected from disclosure under exemption 7(C) in the absence of a showing of an overriding public interest in its disclosure"); see also National Archives and Records Administration v. Favish, 541 U.S. 157, 172 (2004). The public interest in disclosure is limited to the FOIA's "core purpose" of shed[ing] light on an agency's performance of its statutory duties." See Reporters Comm. for Freedom of the Press, 489 U.S. at 773. This standard is not easily satisfied when law enforcement information pertaining to individuals is

37

sought, for there "is no reasonably conceivable way in which the release of one individual's name

. . . would allow citizens to know 'what their government is up to.'" See Fitzgibbon v. CIA, 911

F.2d 755, 768 (D.C. Cir. 1990) (internal citation omitted); see also Ruston v. Dep't of Justice,

2007 WL 809698, *5 (D.D.C. 2007); Albuquerque Publ'g Co., 726 F. Supp. at 855-56 (no public

interest in disclosure of sensitive information DEA obtained about individuals and their

activities, where such material would not shed light on DEA's conduct with respect to the

investigation). Furthermore, the requester must not only demonstrate the existence of the public

interest but also that the public interest is both significant and compelling, in order to overcome

legitimate privacy interests. See Senate of Puerto Rico v. Dep't of Justice, 823 F.2d 574, 588

(D.C. Cir. 1987); Stone v. FBI, 727 F. Supp. 662, 667-69 (D.D.C. 1990).

Plaintiff has made it clear in this action that he seeks the information that was the subject

of FOIA Request No. 06-1717 for one reason: because he intends to use the documents he

receives in response to that request to challenge his conviction.[14] However, the courts have

consistently refused to recognize any public interest in disclosure of information to assist a

convict in challenging his or her conviction. See, e.g., Center for Nat. Sec. Studies v. U.S. Dep't

of Justice, 331 F.3d 918, 946 (D.C. Cir. 2003) (noting that "in many . . . Exemption 7(C) cases,

FOIA requesters seek names in law enforcement files primarily in order to attack their

convictions or otherwise exculpate themselves-a 'personal stake' in disclosure that 'does not

---

[14]  See, e.g., Am. Compl. at 2, ¶ 3 (acknowledging that "Plaintiff is Andre Cooper in need
of the information of the wiretaps and any other oral communications, to file for a new trial and
post-conviction arguments"); Pl.'s Mot. at 2 (alleging that EOUSA is "hindering plaintiff's
chances of showing his actual innoncents [sic.]," that "[t]he wiretap information that is in the
custody of the EOUSA is greatly needed").

count in the calculation of the public interest.'") (citing <u>Oguaju v. United States</u>, 288 F.3d 448, 450 (D.C. Cir. 2002) and <u>Billington v. United States Dep't of Justice</u>, 233 F.3d 581, 582 (D.C. Cir. 2000)); <u>James v. U.S. Secret Service</u>, 2007 WL 2111034, *7 (D.D.C. 2007) (observing that "[t]he fact that Plaintiff seeks the information to advance a private agenda is not a proper basis for disclosure under FOIA"); <u>Taylor v. U.S. Dep't of Justice</u>, 268 F.Supp.2d 34, 36 (D.D.C. 2003) (no public interest in disclosure of information to assist plaintiff in challenging conviction).

All of the records reviewed by EOUSA in response to Plaintiff's request were located in the USAO/EDPA. The records are maintained in the Criminal Case File System (Justice/USA-007) entitled <u>United States v.Andre Cooper</u>. <u>See</u> Ex. 4, Luczynski Supp. Decl. ¶¶ 7-8. Plaintiff was investigated, prosecuted, and convicted of violating various statutes. Here, EOUSA properly withheld the names and identities of and personal information about third party individuals, pursuant to Exemption (b)(7)(C), as there is no legitimate public interest in the information. <u>See</u> Ex. 4, Luczynski Supp. Decl. ¶¶ 10-14. EOUSA closely evaluated for segregability all documents that were either released-in-part or withheld-in-full. <u>See</u> Ex. 4, Luczynski Supp. Decl. ¶ 14. All non-disclosed information was exempt from release pursuant to one or more of the various FOIA and/or PA exemptions listed above, and EOUSA determined that no meaningful portions of the withheld documents could reasonably be released without destroying the integrity of those document as a whole. <u>Id</u>. In short, no reasonably segregable non-exempt information has been withheld from the Requester. <u>Id</u>.

EOUSA applied this approach to the entire 60 pages worth of documents. After the final processing, 48 pages were WIF, and 12 pages were redacted and RIP to the Plaintiff. <u>See</u> Ex. 4,

Luczynski Supp. Decl. ¶ 13. The pages that are WIF contain no information that is related to the Plaintiff. Id. The 12 pages that have been RIP have redactions of all third party privacy-protected information. Id. Such things consist of descriptions that mention people, locations, phone numbers, as well as the identities of the persons speaking in addition to other things that they said that may be used to identify certain individuals. Id. Defendants are entitled to summary judgment because EOUSA redaction and withholding decisions are wholly consistent with the scope of the FOIA exemption it has invoked. See Fed. R. Civ. P. 56(c).

## CONCLUSION

Plaintiff cannot establish any violation of the FOIA or the Privacy Act. Summary judgment must be granted in Defendants' favor, because the USAO conducted a reasonable search of the files located in its office, and reasonably withheld and redacted documents based on a reasonable interpretation and application of the relevant FOIA and Privacy Act exemptions.

WHEREFORE, Defendants respectfully submit that summary judgment should be granted to them in this matter.

Respectfully submitted,


__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

40

\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


\_\_/s/_____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)


Of Counsel:

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

41

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANDRE COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0744 (RMC) |
| | ) | |
| EXECUTIVE OFFICE FOR UNITED STATES | ) | |
| ATTORNEY FREEDOM OF INFORMATION/ | ) | |
| PRIVACY ACT STAFF, | ) | |
| | ) | |
| MICHAEL B. MUKASEY, | ) | |
| Attorney General of the United States, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Rule 7(h), Defendants submit this statement of material facts as to which there is no genuine issue:

1. By letter to the Executive Office of the United States Attorney ("EOUSA"), dated May 18, 2006, and received by the EOUSA on June 2, 2006, Plaintiff submitted a request for information under the Freedom of Information Act ("FOIA") and Privacy Act.  See Exhibit ("Ex.") 1, Declaration of David Luczynski ("Luczynksi Decl.") ¶ 9 and Exhibit F to Luczynksi Decl.; see also Docket Entry No. 17-3, Declaration of Andre Cooper ("Cooper Decl.") ¶¶ 2-3.  This FOIA/Privacy Act request was for "all records maintained by your agency pertaining to myself; including, but not limited to, files and documents captioned in (or whose captions include) my name in the title" and specifically requested the inclusion of  ". . . any transcripts of recordings or any other related documents pertaining to any consensual or non-

consensual wiretap or other type of electronic surveillance, which are in [p]ossession of the US Attorney's office in the Eastern District of Pennsylvania." Id. (emphasis added).

2. By letter dated June 14, 2006, EOUSA acknowledged receipt of Plaintiff's May 18, 2006 FOIA request and provided him with a FOIA reference number, Request Number 06-1717. See Ex. 1, Luczynksi Decl. ¶ 10 and Exhibit G to Luczynksi Decl.; see also Cooper Decl. ¶ 5. The letter also advised Plaintiff that his request would be processed in the order it was received and that FOIA requests for "all information about myself in criminal case files" are "usually known as "Project Requests," which might take up to 9 months to complete. See Ex. 1, Luczynksi Decl. ¶ 10 and Exhibit G to Luczynksi Decl..

3. After EOUSA received Plaintiff's FOIA Request No. 06-1717, EOUSA undertook the search for documents responsive to Plaintiff's FOIA request by forwarding the request to Ms. Falken, the FOIA Contact for the United States Attorney's Office for the Eastern District of Pennsylvania ("USAO/EDPA"). See Ex. 1, Luczynksi Decl. ¶ 16; Ex. 4, Luczynski Supp. Decl. ¶ 5. On or about June 21, 2006, EOUSA sent Ms. Falken a copy of Plaintiff's FOIA request number 06-1717 via facsimile. See Ex. 2, Declaration of Susan J. Falken ("Falken Decl.") ¶ 3. Upon her receipt of this request, Ms. Falken began a systematic search for records on Andre Cooper to determine the location of any and all files relating to him in order to comply with the request. See Ex. 1, Luczynksi Decl. ¶ 16; Ex. 4, Luczynski Supp. Decl. ¶ 5.

4. Each USAO maintains the case files for criminal matters prosecuted by that office. See Ex. 1, Luczynksi Decl. ¶ 16; Ex. 4, Luczynski Supp. Decl. ¶ 5. Specifically, the USAO/EDPA (and United States Attorneys Offices ("USAOs") in other districts) maintains and

2

currently uses a computerized docketing/case management system known as the Legal

Information Office Network System ("LIONS").  See Ex. 2, Falken Decl. ¶¶ 4, 6; see also Ex. 1,

Luczynksi Decl. ¶ 17; Ex. 4, Luczynski Supp. Decl. ¶ 6.  LIONS is a computerized system of

records which can be used to track cases or matters for the entire USAO/EDPA, and to retrieve

files pertaining to cases and investigations.  See Ex. 2, Falken Decl. ¶ 4; see also Ex. 1,

Luczynksi Decl. ¶ 17; Ex. 4, Luczynski Supp. Decl. ¶ 6.  Whenever an office file on a new matter

or new case is opened at the USAO/EDPA, the USAO/EDPA's docketing section enters

applicable information into the LIONS computer system and assigns the case or matter a

"USAO" number which is used as an internal tracking number for the USAO/EDPA.  See Ex. 2,

Falken Decl. ¶ 4; Ex. 4, Luczynski Supp. Decl. ¶ 6.  The information entered into the LIONS

system is based on a series of individual records which are linked together, or related, in a logical

order.  See Ex. 2, Falken Decl. ¶ 4.  These records may include, but are not limited to, the

following pieces of information: the names of parties; the names of any related cases; what the

case is about; the name of the Assistant United States Attorney ("AUSA") responsible for

handling the case; the specific Court before which the case is pending; and the procedural posture

of the case.  See Ex. 2, Falken Decl. ¶ 4.  The LIONS system allows a user to search all USAO

matters for a specific name, and to retrieve all matters which contain references to that name.

See Ex. 2, Falken Decl. ¶ 5.  The LIONS system is capable of cross-referencing other related

cases if such related case information is entered into the system.  See Ex. 2, Falken Decl. ¶ 5.  By

use of the LIONS system, the user can access databases which can be used to retrieve

information based on a criminal defendant's name, the USAO number (United States' Attorney's

Office internal administrative number), and the district court case number.  See Ex. 1, Luczynksi

Decl. ¶ 17; Ex. 4, Luczynski Supp. Decl. ¶ 6.

    5.  On or about July 31, 2006, Ms. Falken performed a search on LIONS using Plaintiff's name as a search term.  <u>See</u> Ex. 2, Falken Decl. ¶ 7; <u>see also</u> Ex. 1, Luczynksi Decl. ¶¶ 16-17. When she did so, the LIONS system indicated that a case involving the Plaintiff had been assigned to AUSA Faithe Moore Taylor.  <u>See</u> Ex. 2, Falken Decl. ¶ 7; Ex. 4, Luczynski Supp. Decl. ¶ 6.  On or about July 31, 2006, Ms. Falken checked the federal District Court's Public Access to Computerized Records ("PACER") system in the U.S. party/case index.  <u>See</u> Ex. 2, Falken Decl. ¶ 8; <u>see also</u> http://pacer.uspci.uscourts.gov/ (website of PACER Service Center's U.S. Party/Case Index); Ex. 1, Luczynksi Decl. ¶ 17.  Ms. Falken noted that PACER listed one criminal case involving an Andre Cooper in the Eastern District of Pennsylvania: Criminal No.2:01CR00512.  <u>See</u> Ex. 2, Falken Decl. ¶ 8.

    6.  On or about August 8, 2006, Ms. Falken sent an e-mail message to AUSA Faithe Moore Taylor, in which she informed AUSA Taylor that "[a] FOIA request had arrived re[garding]: Andre Cooper" and that Plaintiff had requested "'any transcripts of recordings or any other related documents pertaining to any consensual or non-consensual wiretaps or other types of electronic surveillance . . . in the possession of'" the USAO/EDPA.  <u>See</u> Ex. 2, Falken Decl. ¶ 9; Falken Decl., Ex. A.  In this message, Ms. Falken also asked AUSA Taylor to give her a sense of when she could meet to discuss the request and retrieve the items, if they were available. <u>Id</u>.

    7.  On August 8, 2006, AUSA Taylor sent a reply to Ms. Falken's e-mail in which she explained that:

4

> There were no wiretaps in [Mr.] Cooper's case. He was provided with all of the consensual recordings in the goevrnment's [sic.] possession as well as the transcripts, during his trial . . . In fact, his attorney used many of them during their case in chief during the penalty phase. . .

See Ex. 2, Falken Decl. ¶ 10; Falken Decl., Ex. A and Ex. B.

8. AUSA Taylor and AUSA Nancy Winter, who had served as co-counsel in the aforementioned Cooper case, took Ms. Falken to a room filled with documentation concerning the Cooper case, and gave Ms. Falken a transcript book which contained all of the transcripts of recordings in the Cooper case. See Ex. 2, Falken Decl. ¶ 11. Ms. Falken made a copy of all of the transcripts. Id.

9. On or about August 8, 2006, Ms. Falken sent a copy of all of the transcripts of the recordings from the Cooper case to EOUSA office in Washington, D.C., along with a completed "Certification of Search" form which identified "Andre Cooper" as the requester and "06-1717" as the relevant FOIA request number. See Ex. 2, Falken Decl. ¶ 12; Falken Decl., Ex. C. Among other things, this Certification of Search form noted that, in performing her search for responsive documents, Ms. Falken had: (1) searched under the name "Andre Cooper"; (2) searched under the subject "Andre Cooper"; (3) searched the case file for "2001[C]R000512"; (3) used the LIONS computer system and PACER system; (4) e-mailed two "Criminal AUSAs." See Falken Decl., Ex. C.

10. Ms. Falken also sent EOUSA a memorandum which: (1) indicated that her office had received Plaintiff's FOIA Request No. 06-1717 on June 21, 2006; (2) advised EOUSA that the "[r]ecords requested are enclosed"; and (3) explained that there were:

[n]o wiretaps in this case.  All consensual.  All transcripts [are] attached.  Case is
pending appeal post sentencing.

See Ex. 2, Falken Decl. ¶ 12; Falken Decl., Ex. C; see also Ex. 1, Luczynksi Decl. ¶ 16.

11.  All of the documents related to Plaintiff's FOIA request number 06-1717 have been

located in the USAO/EDPA.  See Ex. 1, Luczynksi Decl. ¶ 18; Ex. 4, Luczynski Supp. Decl. ¶ 7.

The records are maintained in the files that the USAO/EDPA has which relate to the United

States v. Andre Cooper case.  See Ex. 1, Luczynksi Decl. ¶ 18; Ex. 4, Luczynski Supp. Decl. ¶ 7.

There are no other records systems or locations within the Eastern District of Pennsylvania which

maintained a system of records pertaining to Plaintiff's name.  See Ex. 1, Luczynksi Decl. ¶ 19;

Ex. 4, Luczynski Supp. Decl. ¶ 8.

12.  On August 29, 2006, EOUSA sent Plaintiff a letter concerning FOIA request number

06-1717.  See Ex. 1, Luczynksi Decl. ¶ 12; Exhibit I to Luczynksi Decl.; Cooper Decl. ¶ 6; see

also Docket Entry No. 14, "Amended Petition for F.O.I.A. to Release of records of Wire Tap

Info. and other oral communications pertaining to the Petitioner" ("Am. Compl.") ¶ 6, Exhibit B

to Am. Compl..  Plaintiff was notified in that letter that a search for wiretap information

concerning his case had uncovered 60 pages of transcripts, all of which contained information

which was not releasable because those documents were covered by FOIA exemption (b)(3),

which protects grand jury materials from disclosure.  Id.  As a result, all 60 pages were withheld

in full ("WIF") from release to the Plaintiff.  Id.  The letter informed Plaintiff of his right to file

an appeal in writing with the Office of Information and Privacy ("OIP") within 60 days of the

date of the August 9, 2006 letter if he wished.  Id.

13.  By letter dated September 8, 2006, Plaintiff filed an appeal of the EOUSA's August

6

29, 2006 determination with the OIP.  See Ex. 1, Luczynksi Decl. ¶ 11; Exhibit J to Luczynksi

Decl..

14.   On December 11, 2006, OIP issued a final decision concerning FOIA Request

Number 06-1717.  See Ex. 1, Luczynksi Decl. ¶ 15; Exhibit K to Luczynksi Decl..  OIP noted in

that decision that Plaintiff's FOIA request number 06-1717 had been interpreted as "a request

only for wiretap and surveillance information" pertaining to Plaintiff.  Id.  With specific

reference to that FOIA request for wiretap and surveillance-related documents, OIP informed

Plaintiff that, after a careful consideration of the appeal, it had decided to affirm EOUSA's

August 29, 2006 determination, but on modified grounds.  Id.  OIP explained that it had

"determined that the sixty pages of records originally withheld by EOUSA are not, in fact,

responsive to your request" inasmuch as "[t]hese records are transcripts of consensual interviews

by investigators of various third parties in your criminal case."  Id.  OIP further noted that

"EOUSA located no actual wiretap or surveillance records responsive to your request."  Id.  The

letter advised Plaintiff that, if he was dissatisfied with OIP's final decision on the matter, he was

free to seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).  Id.

15.   Subsequent to the filing of Plaintiff's Am. Compl. and Pl.'s Mot., OIP conducted a

further review of Plaintiff's appeal file.  See Ex. 3, OIP's December 12, 2007 Letter; Ex. 4,

Lucznski Supp. Decl. ¶ 2 and Ex. A to Luczynski Supp. Decl.  Following this further review and

reconsideration, in a December 12, 2007 decision, OIP vacated its prior decision of December

11, 2006, determined that the 60 pages of documents which it had earlier found non responsive

were in fact responsive to Plaintiff's FOIA request number 06-1717, and remanded that request

to EOUSA for further processing.  See Ex. 3, OIP's December 12, 2007 Letter; Ex. 4, Luczynski

7

Supp. Decl. ¶¶ 2-3 and Ex. A to Luczynski Supp. Decl.

16.  On remand, EOUSA performed the additional processing which OIP had ordered.
See Ex. 4, Luczynski Supp. Decl. ¶¶ 4, 9-14.  This additional processing had several components.
First, EOUSA noted that Plaintiff's entire FOIA request pertains to criminal investigations, and
that the materials were necessarily compiled for law enforcement purposes.  See Ex. 4, Luczynski
Supp. Decl. ¶ 9.  EOUSA specifically observed that the 60 pages of documents which it and OIP
had determined were responsive to Plaintiff's FOIA request consisted of transcripts of recordings
of drug buy transactions, and that this information had been compiled for law enforcement
purposes in order to assist in the investigation and prosecution of Andre Cooper.  See Ex. 4,
Luczynski Supp. Decl. ¶¶ 9-10, 13.  For this reason, EOUSA determined that the responsive
records withheld were exempt from mandatory disclosure under subsection (j)(2) of the Privacy
Act.  See id.

17.  EOUSA next considered whether any of the FOIA exemptions applied to Plaintiff's
FOIA request.  See Ex. 4, Luczynski Supp. Decl. ¶ 9.  Specifically, EOUSA considered the
extent to which exemption (b)(7)(C) of the FOIA applied to the 60 pages of documents which it
and OIP had determined were responsive to Plaintiff's FOIA request.  Id.  EOUSA found that the
60 pages of documents contained information concerning the identities of and personal
information about third party individuals, the release of which could subject such persons to an
unwarranted invasion of their personal privacy, and decided that the release of this identifying
information could result in unwanted efforts to gain further access to such persons or to personal
information about them, or cause them harassment, harm, or exposure to unwanted and/or
derogatory publicity and inferences, all to their detriment.  See Ex. 4, Luczynski Supp. Decl.

8

¶¶ 10-11. EOUSA further determined that: (1) there was no public interest in the release of this privacy-protected information because dissemination of the information would not help explain the activities and operations of the EOUSA or the USAO; (2) no public interest would counterbalance the law enforcement and third party individuals' privacy right in the information withheld under this exemption; and (3) no individual provided any authorization or consent to disclose such information. See Ex. 4, Luczynski Supp. Decl. ¶ 12. Consequently, EOUSA determined that information contained in such references could not be disclosed and should be deleted and segregated in all the documents to which this exemption was applied. See Ex. 4, Luczynski Supp. Decl. ¶ 11.

18. EOUSA applied exemption (b)(7)(C) to the entire 60 pages of documents. See Ex. 4, Luczynski Supp. Decl. ¶ 13 and Ex. B to Luczynski Supp. Decl. After the final processing, 48 pages were withheld in full ("WIF"), and 12 pages were redacted and released in part ("RIP") to the Plaintiff. Id. The pages that were WIF contain no information that is related to the Plaintiff. Id. The 12 pages that have been RIP have redactions of all third party privacy-protected information. Id. Such things consist of descriptions that mention people, locations, phone numbers, as well as the identities of the persons speaking in addition to other things that they said that may be used to identify certain individuals. Id.

19. EOUSA closely evaluated for segregability all documents that were either released-in-part or withheld-in-full. See Ex. 4, Luczynski Supp. Decl. ¶ 14 and Ex. B to Luczynski Supp. Decl. All non-disclosed information was exempt from release pursuant to one or more of the various FOIA and/or PA exemptions listed above, and EOUSA determined that no meaningful portions of the withheld documents could reasonably be released without destroying the integrity

9

of those documents as a whole.  <u>Id</u>.

Respectfully submitted,


\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney



\_\_/s/_____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

10

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, on this 26th day of December, 2007, I caused the foregoing

*Defendants' Motion for Summary Judgment*, *Defendants' Memorandum of Points and*

*Authorities in Support of their Motion for Summary Judgment, and in Opposition to "Plaintiff's*

*Motion Asking for Leave to File a Memorandum of Law in Support of Plaintiff's Amended*

*Petition,"* Defendants' Statement of Material Facts Not in Dispute, and the accompanying

Declarations and other Exhibits, to be served on Plaintiff, <u>pro se</u>, by first-class mail, postage

prepaid, addressed as follows:

> Andre Cooper
> R56382-066
> Coleman II
> U.S. Penitentiary
> Inmate Mail/Parcels
> P.O. Box 1034
> Coleman, FL 33521

> s/Jonathan C. Brumer
> JONATHAN C. BRUMER, D.C. BAR # 463328
> Special Assistant United States Attorney
> 555 4th Street, N.W., Room E4815
> Washington, D.C. 20530
> (202) 514-7431
> (202) 514-8780 (facsimile)

# EXHIBIT   1

Declaration of David Luczynski, and Exhibits A-K to that Declaration

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDRE COOPER,                          )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )
                                       )     No.    1:07-CV-0744-RMC
UNITED STATES DEPARTMENT OF            )
JUSTICE, EXECUTIVE OFFICE FOR          )
UNITED STATES ATTORNEYS,               )
                                       )
                    Defendants.        )
_____ )


DECLARATION OF DAVID LUCZYNSKI


     I, David Luczynski, declare the following to be a true and correct statement of facts:

     1. I am an Attorney Advisor with the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice.  In that capacity, my responsibilities include

acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in

responding to requests and the litigation filed under both the Freedom of Information Act

("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the

reviewing of FOIA/PA requests for access to records located in this office and ninety-four United

States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of

correspondence related to requests, reviewing of searches conducted in response to requests,

locating of responsive records, preparing of responses thereto by the EOUSA to assure that

determinations to withhold (or to release) such responsive records are in accordance with the

provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et seq. and §16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Andre Cooper. I have reviewed the complaint which this Declaration addresses.

## CHRONOLOGY

4. On June 28, 2006, Plaintiff submitted a FOIA request for "all records maintained by your agency pertaining to myself; including, but not limited to, files and documents captioned in (or whose captions include) my name in the title." **See Exhibit A.**

5. In the June 28, 2006, FOIA request, the Plaintiff had failed to indicate which District he wanted searched. On August 31, 2006, EOUSA sent Plaintiff a letter informing him that he must include this information. Additionally, EOUSA's letter stated that the current FOIA request will be closed and that a new one will be opened once it included the missing information. **See Exhibit B.**

6. In response to the closing of his FOIA request, Plaintiff had filed an appeal with the Office of Information and Privacy ("OIP"). In this appeal letter, Plaintiff had also submitted language correcting his prior lack of description of the District to be searched in the form of a

statement: "Also the district in which I was prosecuted was in the Eastern District of Pennsylvania." See Exhibit C.

7. By letter dated November 17, 2006, OIP informed Plaintiff that it had received his appeal and the complete identification of the federal district to be searched. Since the Plaintiff had identified the Eastern District of Pennsylvania in his appeal letter, he was informed that OIP had remanded his request for records and that the search for responsive records would be conducted by the United States Attorney's Office for the Eastern District of Pennsylvania. See Exhibit D.

8. On January 24, 2007, Plaintiff was informed by letter that after an initial two-hour search for records which would be provided free of charge, EOUSA had found 41 boxes of records relating to Plaintiff in the Eastern District of Pennsylvania. Federal Regulation 28 CFR 16.11(i) provides that EOUSA may collect an advance payment before continuing to process the request if the estimated fees for this will exceed $250.00. Plaintiff was notified that each hour of search time would cost $28.00 and that each box would take approximately an hour to search amounting to $1,148.00 that would be owed by the Plaintiff before EOUSA could proceed any further with the processing of his request. The letter proceeded to explain that Plaintiff could reduce his fees by reformulating his request and limiting the documents to a specific category. See Exhibit E.

9. On June 2, 2006, EOUSA received a FOIA request letter from Plaintiff asking for records under the name of Andre Cooper. In handwritten format, Plaintiff asked for "...any transcripts of recordings or any other related documents pertaining to any consensual or non-consensual wiretap or other type of electronic surveillance, which are in possession of the US Attorney's office in the Eastern District of Pennsylvania." See Exhibit F.

10. By letter, dated June 14, 2006, EOUSA sent Plaintiff a response letter acknowledging the request and providing him with a FOIA reference No. 06-1717. The letter also informed Plaintiff that his request would be processed in the order it was received and that it might take up to 9 months to complete. See **Exhibit G**.

11. On August 28, 2006, EOUSA received another letter from Plaintiff inquiring about the status of his request. See **Exhibit H**.

12. On August 29, 2006, EOUSA sent Plaintiff a response letter concerning his FOIA request. Plaintiff was notified that a search for wiretap information concerning his case revealed 60 pages of transcripts, all of which contained information which was not releasable. As a result, all 60 pages were withheld in full ("WIF") from release to the Plaintiff. The letter informed Plaintiff of his appeal rights should he decide to challenge EOUSA's determination. See **Exhibit I**.

13. By letter dated September 8, 2006, Plaintiff filed an appeal with the Office of Information and Privacy ("OIP"). See **Exhibit J**.

14. In order to provide the Plaintiff with the best opportunity for locating records responsive to his request, in the interest of good customer service, EOUSA interpreted the request for transcripts of electronic surveillance in the broadest sense. Thus, during its search, EOUSA's scope included all types of transcripts. This included not only transcripts of wiretap records for which the Plaintiff asked, but also any and all types of transcripts in general. The search for transcripts of all recorded information also included transcripts of voluntary interviews performed by the investigating law enforcement personnel. The 60 pages of voluntary witness and other third-party interviews were the only transcripts that were located as a result of the search.

15. On December 11, 2006, OIP informed Plaintiff that since his prior FOIA request had been for "all records...", this request was focused on information not covered in the prior request, mainly the addition of the language containing the request for transcripts of wiretap and surveillance information pertaining to himself. OIP informed Plaintiff that after a careful consideration of the appeal it had decided to affirm EOUSA's determination, on modified grounds. OIP ruled that the 60 pages initially withheld by EOUSA were not responsive to Plaintiff's request therefore were not technically 'withheld', but rather a completely unrelated category of records. The records in question are transcripts of consensual interviews by investigators of third parties involved with Plaintiff's criminal case. There were no actual wiretap or surveillance records responsive to Plaintiff's request. **See Exhibit K.**

## ADEQUACY OF THE SEARCH

16. Each USAO has a designated FOIA Contact who serves as the official liaison between that District and the FOIA/Privacy Staff in EOUSA. In the United States Attorneys Office for the Eastern District of Pennsylvania ("USAO/PAE"), the FOIA Contact is Susan Falken, who coordinated the search efforts in connection with Plaintiff's Request No. 06-1717. After receiving Plaintiff's FOIA request, EOUSA undertook the search for documents responsive to Plaintiff's FOIA request by forwarding the request to the FOIA Contact for the USAO/PAE. Each United States Attorney's Office maintains the case files for criminal matters prosecuted by that office. Ms. Falken began a systematic search for records on Andre Cooper to determine the location of any and all files relating to him in order to comply with the request. Ms. Falken searched for records from the case files in that case. After a search of the computer systems Ms. Falken reported that she found records relating to Plaintiff's case.

17. To accomplish the search, Ms. Falken looked for records in the computer tracking system that were listed under the name "Andre Cooper". Ms. Falken used a computer case tracking system in the U.S. Attorney's Office to determine all possible locations of responsive files. The systems utilized in searching for records pertaining to Plaintiff were the Public Access to Court Electronic Records ("PACER"), and the Legal Information Office Network System ("LIONS"). The LIONS system is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. By use of the LIONS system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number. In this case, Ms. Falken used the LIONS system to determine, among other things, which attorneys within her office handled Plaintiff's case in the past, which allowed her to contact them directly to find out additional information about the location of records concerning Plaintiff's case. A separate declaration describing the search performed by Ms. Falken in more detail is provided by her.

## EOUSA'S DISCLOSURE DETERMINATION

### Identification of Responsive Records

18. All documents related to Plaintiff's FOIA request have been located in the United States Attorneys Office for the Eastern District of Pennsylvania. The records are maintained in the Criminal Case File System (Justice/USA-007) entitled <u>United States v. Andre Cooper</u>.

19. There are no other records systems or locations within the Eastern District of Pennsylvania which maintained a system of records pertaining to Plaintiff's name.

## **CONCLUSION**

20. Each step in the handling of Mr. Cooper's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to ensure an equitable response to all persons seeking access to records under the FOIA/PA and the proper discharge of the agencies' legal responsibilities under the FOIA and Privacy Act.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 31, 2007.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

# EXHIBIT A
## to Declaration of David Luczynski

*(handwritten top right)* 00-1711/<u> </u> P20
V W/SB

FOI/PA Unit

ANDRE COOPER Reg. No. 56382066 FOI/PA XO:    ~~RECEIVED~~
Federal Detention Center
P.O. Box 562
Philadelphia, P.A. 19105

2006 JUN 28  AM 9: 20

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

To whom it may concern:

I request a complete and thorough search of all filing systems and locations
for all records maintained by your agency pertaining to myself; including, but
not limited to, files and documents captioned in (or whose captions include) my
name in the title. This request specifically includes "main" files and "see
references;" including, but not limited to, numbered and lettered subfiles, 1A
references;" including, but not limited to, numbered and lettered subfiles, 1A
envelopes, enclosures behind files (EBF's), Bulky Exhibits, control files, and
"June" files. I want all records to be produced with the administrative markings
and all reports to include the administrative pages.

I wish to be sent copies of "see reference" cards, abstracts, search slips
(including search slips used to process this request), file covers, multiple
copies of the same document (if they appear in a file), and taped any electronic
surveillance. Please search: "DO NOT FILE" files, SAC safes, special file
rooms, and offices of FBI officials. I want all pages released regardless of
the extent of excision, even if all that remains are the stationary headings or
administrative markings.

In addition to a search of General Indexes, please search the ELSR Index.

Please search for records under the following names:

ANDRE COOPER (PLEASE INCLUDE ANY PAYMENTS FOR THE TESTIMONY
OR RELOCATION OF ANY WITNESSES OR OTHER CIVILIANS INVOLVED
IN THE INVESTIGATIONS CONDUCTED BY U.S. ATTORNEY'S OFFI

Please place any "missing" files pertaining to this request on "special
locate," and advise me that you have done this.

If documents are denied in part or in whole, please specify which exemption(s)
is (are) claimed for each passage or whole document denied. Please provide a
complete itemized inventory and detailed factual justification for total or partial
denial of documents. Specify the number of pages in each document(s) and the total
number of pages pertaining to this request. For "classified" material denied
please include the following information: the classification (confidential, secret,
or top secret); identity of the classifier; date or event for automatic declassi-
fication, classification review, or downgrading; if applicable, identity of
official authorizing extension of automatic declassification review past six
years; and, if applicable, the reason for extended classification past six years.



In excising material, please "black out" the material rather than "white out" or "cut out." I expect, as provided by the Freedom of Information Act, that the remaining nonexempt portions of the document(s) will be released.

As I expect to appeal any denials, please specify the office and address to which such an appeal should be directed.

I believe my request qualifies for a waiver of fees since the release of requested information would primarily benefit the general public and be "in the public interest," notwithstanding the fact that I am an indigent person, and need these materials to perfect an appeal of what I perceive as an unjust conviction.

I consider our correspondence privileged because I am a prisoner and subject to the rules of the Bureau of Prisons. I request that you comply with Bureau of Prisons Program Statement #5265.8 (13), captioned "SPECIAL MAIL sec. 540.18 par. (a)," which states: a) The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as apeceal mail. The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked "SPECIAL MAIL — OPEN ONLY IN THE PRESENCE OF INMATE."

Therefore, I request that you mark your mail to me "SPECIAL MAIL - OPEN ONLY IN PRESENCE OF INMATE."

If a fee waiver is not granted, please consult me before proceeding if the fee is in excess of $100.00. I reserve the right to recover any money paid for fees not waived.

Please send a memo (copy to me) to the appropriate units in your office to assure that no record related to this request is destroyed. Please advise of any destruction of records and include the date of, and authority for, such destruction.

I wish to make it clear that I want all records in your office "identifiable with my request," even though reports based on those records have been sent to some type of "headquarter's," and even though there may be duplication between two sets of files. PLEASE DO NOT REFER ME TO HEADQUARTER'S.

I can be reached at the above address. Please write to me if there are any questions related to my request, or if you might need any additional information from me.

I expect a response to this request within ten working days, as provided for in the Freedom of Information Act.

NOTARIAL SEAL
Winston E. Freeman, Notary Public
Philadelphia, Philadelphia County
My commission expires October 22, 20__

Respectfully submitted,

*Andre Cooper*

(ANDRE COOPER)

Subscribed and sworn to before me on this 14th day of June, 19_2006_.

Notary

-2-

Agency Facility
Control Number _____

PRIVACY ACT STATEMENT: In accordance with 28 CFR Section 16.41, personal data sufficient to identify the individual submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disseminated by the Department. Failure to furnish this information will result in no action being taken on the request by the System Manager. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

FULL NAME OF REQUESTER: *Andre Cooper Reg. No. 56382 066*

CURRENT ADDRESS *Federal Detention Center P.O. Box 562   Philadelphia, PA. 19105*

DATE OF BIRTH _____

PLACE OF BIRTH *Delaware*

EMPLOYEE IDENTIFICATION NUMBER, if applicable _____
(or Social Security Number)² _____

I certify that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of no more than $5,000.

Signature³ *Andre Cooper*

Subscribed and sworn to before me this 14 day of *June* 19 *2006*

Signature of Notary _____

My Commission Expires _____

(Include Notary
Seal or Stamp
in this Space)

NOTARIAL SEAL
Winston E. Freeman, Notary Public
Philadelphia, Philadelphia County
My commission expires October 22, 2007

The bottom portion of this form to be completed by requester when he or she requests that information relating to himself or herself be released to another person.

Further, pursuant to 5 U.S.C. 552a(b) I authorize the U.S. Department of Justice or any of its component organizations to release any and all information relating to me to _____ (attorney or other designee).

Signature³ _____

¹ Name of individual who is the subject of the record sought.
² Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
³ Signature of individual who is the subject of the record sought.

FORM DOJ-361

# EXHIBIT B

**to Declaration of David Luczynski**



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530                    AUG 3 1 2006
202-616-6757  Fax 202-616-6478

Requester: Andre Cooper                    Request Number: 06-2679

Subject of Request: Self

Dear Requester:

     Your Freedom of Information Act/Privacy Act request has been received. Since the files and records of United States Attorneys are located in more than 100 separate offices throughout the country, we ask that you identify the specific U.S. Attorney's office(s) where you believe the requested records exist. This would primarily be the district(s) in which <u>prosecution or litigation</u> occurred.

     By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. § 16.3(c), unless you request a waiver of fees (according to requirements in 28 C.F.R. § 16.11(k)). Indigency does not constitute a basis for a free waiver. Please note that pursuant to 28 C.F.R. § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time!</u> If we anticipate that fees will exceed $25 or the amount you state in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages). Without such payment, your request file will be closed without further action.

     Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request for information has been closed. When we have received your new, corrected request, we will open a new file for you. **Please send your new, corrected request to the address above.**

[ ✓ ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file will have a separate Request Number (listed below), for which you will receive a separate response:
   <u>06-2678</u>

(Page 1 of 2)
Form No. 003B - 2/06

AUG 3 1 2006

 

This is a final action on this above-numbered Request. You may appeal my decision on this request by writing within 60 days from the date of this letter, to **Office of Information and Privacy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the envelope and letter of appeal should be marked "FOIA Appeal." If you are dissatisfied with the result s of any such administrative appeal, judicial review may thereafter be available in U.S. District Court. 28 C.F.R. §16.9.

Sincerely,

*William G. Stewart*

William G. Stewart II
Acting Assistant Director

(Page 2 of 2)
Form No. 003B - 2/06

# EXHIBIT C
## to Declaration of David Luczynski

see # 9-22  FOIA APPEAL  06-3196 (A) EDUST.

9/08/09

Dear Mr. Stewart II

    I would like to Appeal the Request Number 06-2679, That was denied by office. Also the the district in which I was prosecuted was in the Eastern District of Pennsylvania. Thank you for your time.

Sincerely,

Andre Cooper

Andre Cooper
#56382066

OFFICE OF INFORMATION AND PRIVACY

SEP 22 2006

RECEIVED

# EXHIBIT D
## to Declaration of David Luczynski



**U.S. Department of Justice**

Office of Information and Privacy

RECEIVED

*Telephone: (202) 514-3642*

*Washington, D.C. 20530* 2006 NOV 27  AM 9: 07

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

**NOV 17 2006**

Mr. Andre Cooper
Register No. 56382-066
United States Penitentiary          Re:     Appeal No. 06-3196
Post Office Box 150160                       Request No. 06-2679
Atlanta, GA  30315                           ALB:SRO

Dear Mr. Cooper:

        You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to all records pertaining to yourself.

        After carefully considering your appeal, and as a result of discussions between EOUSA
personnel and a member of my staff, I am remanding your request for a search for responsive
records. Although you failed to identify a federal district to be searched in your initial request
letter, I note that you have identified the Eastern District of Pennsylvania in your appeal letter.
Accordingly, a search for responsive records will be conducted by the United States Attorney's
Office for the Eastern District of Pennsylvania. If EOUSA locates any responsive records
through this search, it will send any and all releasable portions of these records to you directly,
subject to any applicable fees. You may appeal any future adverse determination made by
EOUSA.

        If you consider my response to be a denial of your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Daniel J. Metcalfe
                                        Director



EOUSA


# EXHIBIT E

## to Declaration of David Luczynski



**U.S. Department ⌐ Justice**

Executive Office for United States Attorneys

FOIA and Privacy Act Staff          *Suite 7300, Bicentennial Building*          *(202) 616-6757*
                                    *600 E Street, N.W.*          *FAX (202) 616-6478*
                                    *Washington, DC 20530*

Requester: Andre Cooper

Request No. 06-3876                                          **JAN 2 4 2007**

Dear Mr. Cooper:

        We are currently searching for documents responsive to your FOIA/PA request, and we have
reached the two hours of search time provided to you at no charge. Federal Regulation 28 CFR 16.11(i)
provides that our office may collect an advance payment **before we continue processing your request** if
we estimate fees will exceed $250.00. Search time is $28.00 per hour, after the first two hours which are
free. In your case, the Eastern District of Pennsylvania has informed us that a complete search will take
an additional 41 hours. Again, this excludes the first two hours which are provided free of charge.
Therefore, the search fee would be approximately $1148. The district has also indicated that they have
about 41 boxes of records in the case that would have to be searched. Normally a box of records contains
between 2,000 and 4,000 pages. We do not know at this time how many pages pertaining to you would be
found with a complete search. Although not all of these pages are likely to be released to you, please note
that in addition to the charges for search time, we charge $.10 per page for pages released to you, after the
first 100 pages which are free. Once processing has been completed and a final charge is known, you will
be required to submit the remaining fee before documents will be released to you.

        Accordingly, an advance payment of $1148.00 in the form of a check or money order, payable to
the Treasury of the United States, must be received by this office before we will continue processing your
request. **Please indicate on the face of the check the above request number and mail it to the above
address.**

        If you wish to reduce your fees, you may reformulate your request by limiting the documents to a
specific category or categories. Or, if you specify that you will only pay up to a certain amount, we will
process your case up to that amount. Finally, keeping in mind that the first two hours were free, you may
direct that we terminate your search.

        **Per 28 C.F.R. 16.11(i), your request is not considered received until we receive a response
from you. Please respond within 30 days of the date of this letter, or this matter will be closed.** If
you wish, you may use the attached form to indicate your wishes. If you have any questions, please call
Attorney Advisor Garry Stewart at 202-616-3450.

                            Sincerely,

                            ⌐⌐⌐

                            William G. Stewart II
                            Acting Assistant Director

Note: You may appeal this response by writing within 60 days to the Office of Information and Privacy, United States
Department of Justice, 1425 New York Avenue, Suite 11050, Washington D.C. 20530-0001.



Requester: Andre Cooper        Request: 06-3876

## Choose One

1. Enclosed is an advance payment of $_____ for search fees.

2. Please terminate the search for documents. I promise to pay $_____ for duplication fees for documents found thus far.

3. Please terminate the search. I am hereby withdrawing my request_____ (Sign)

4. I agree to pay no more than $_____ for search fees and no more than $_____ for duplication fees. Please process my request accordingly.

5. I wish to reformulate my request to include only the following documents:

_____

_____

_____

_____

(Please note that a search for specific records may increase search time and fees).

6. Please do not search any longer. **I understand that I am entitled to the first 100 pages free.** If you have found releasable documents, send me the free documents and close my case.

_____          _____
Name                                      Date

Please return to:

EOUSA
FOIA/PA
600 E. Street, N.W., Room 7300
Washington D.C., 20530

# EXHIBIT F
## to Declaration of David Luczynski

FOI/PA Unit
ANDRE COOPER
REG. NO. 56382 066
Federal Detention Center
P.O. Box 562
Philadelphia, P.A. 19105

FOI/PA ~~RECEIVED~~

2006 JUN -2 PM 2:20

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

To whom it may concern:

I request a complete and thorough search of all filing systems and locations for all records maintained by your agency pertaining to myself; including, but not limited to, files and documents captioned in (or whose captions include) my name in the title. This request specifically includes "main" files and "see references;" including, but not limited to, numbered and lettered subfiles, 1A envelopes, enclosures behind files (EBF's), Bulky Exhibits, control files, and "June" files. I want all records to be produced with the administrative markings and all reports to include the administrative pages.

I wish to be sent copies of "see reference" cards, abstracts, search slips (including search slips used to process this request), file covers, multiple copies of the same document (if they appear in a file), and taped any electronic surveillance. Please search: "DO NOT FILE" files, SAC safes, special file rooms, and offices of FBI officials. I want all pages released regardless of the extent of excision, even if all that remains are the stationary headings or administrative markings.

In addition to a search of General Indexes, please search the ELSR Index.

Please search for records under the following names:

ANDRE COOPER (PLEASE INCLUDE ANY TRANSCRIPTS OF RECORDINGS or any other related documents pertaining to any consensual or non-consensual wiretap or other type of electronic surveillance which are in Possession of the US Attorney's OFFICE IN the EASTERN DISTRICT OF Pennsylvania.

Please place any "missing" files pertaining to this request on "special locate," and advise me that you have done this.

If documents are denied in part or in whole, please specify which exemption(s) is (are) claimed for each passage or whole document denied. Please provide a complete itemized inventory and detailed factual justification for total or partial denial of documents. Specify the number of pages in each document(s) and the total number of pages pertaining to this request. For "classified" material denied please include the following information: the classification (confidential, secret, or top secret); identity of the classifier; date or event for automatic declassi-fication, classification review, or downgrading; if applicable, identity of official authorizing extension of automatic declassification review past six years; and, if applicable, the reason for extended classification past six years.



In excising material, please "black out" the material rather than "white out" or "cut out." I expect, as provided by the Freedom of Information Act, that the remaining nonexempt portions of the document(s) will be released.

As I expect to appeal any denials, please specify the office and address to which such an appeal should be directed.

I believe my request qualifies for a waiver of fees since the release of requested information would primarily benefit the general public and be "in the public interest;" notwithstanding the fact that I am an indigent person, and need these materials to perfect an appeal of what I perceive as an unjust conviction.

I consider our correspondence privileged because I am a prisoner and subject to the rules of the Bureau of Prisons. I request that you comply with Bureau of Prisons Program Statement #5265.8 (13), captioned "SPECIAL MAIL sec. 540.18 par. (a)," which states: a) The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as apeceal mail. The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked "SPECIAL MAIL — OPEN ONLY IN THE PRESENCE OF INMATE."

Therefore, I request that you mark your mail to me "SPECIAL MAIL - OPEN ONLY IN PRESENCE OF INMATE."

If a fee waiver is not granted, please consult me before proceeding if the fee is in excess of $100.00. I reserve the right to recover any money paid for fees not waived.

Please send a memo (copy to me) to the appropriate units in your office to assure that no record related to this request is destroyed. Please advise of any destruction of records and include the date of, and authority for, such destruction.

I wish to make it clear that I want all records in your office "identifiable with my request," even though reports based on those records have been sent to some type of "headquarter's," and even though there may be duplication between two sets of files. PLEASE DO NOT REFER ME TO HEADQUARTER'S.

I can be reached at the above address. Please write to me if there are any questions related to my request, or if you might need any additional information from me.

I expect a response to this request within ten working days, as provided for in the Freedom of Information Act.

NOTARIAL SEAL
Winston E. Freeman, Notary Public
Philadelphia, Philadelphia County
My commission expires October 22, 2007

Respectfully submitted,

Andre Cooper

(ANDRE COOPER)

Subscribed and sworn to before me on this 18 day of May, 2000.

Notary

-2-

Ageng Facility _____
Control Number _____

PRIVACY ACT STATEMENT: In accordance with 28 CFR Section 16.41, personal data sufficient to identify the individual submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disseminated by the Department. Failure to furnish this information will result in no action being taken on the request by the System Manager. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and or 5 U.S.C. Section 552a(i)(3).

FULL NAME OF REQUESTER: _Andre Cooper #Reg. No. 56382066_

CURRENT ADDRESS _Federal Detention Center, P.O. Box 562, Philadelphia, P._
_19105_

DATE OF BIRTH _____

PLACE OF BIRTH _Delaware_

EMPLOYEE IDENTIFICATION NUMBER if applicable
    (or Social Security Number)? _____

I certify that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of no more than $5,000.

Signature¹ _Andre Cooper_

Subscribed and sworn to before me this _13_ day of _May_ _____, 19__ _2000_

Signature of Notary _____

My Commission Expires _____

(Include Notary
Seal or Stamp
in this Space)

NOTARIAL SEAL
Winston E. Freeman, Notary Public
Philadelphia, Philadelphia County
My commission expires October 22, 2007

The bottom portion of this form to be completed by requester when he or she requests that information relating to himself or herself be released to another person.

Further, pursuant to 5 U.S.C. 552a(b) I authorize the U.S. Department of Justice or any of its component organizations to release any and all information relating to me to _____ (attorney or other designee).

Signature³ _____

¹Name of individual who is the subject of the record sought.
²Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
³Signature of individual who is the subject of the record sought.

FORM DOJ-361

# EXHIBIT G
## to Declaration of David Luczynski



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: __06-1717__    Requester __Andre Cooper__    JUN 1 4 2006

Subject __Self (wiretaps)/PAE__

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

# FILE

Sincerely,

*William G. Stewart*

William G. Stewart II
Acting Assistant Director

Form No. 001 -1/06



# EXHIBIT H
## to Declaration of David Luczynski

RECEIVED

August 9, 2006

Dear Mr. Stewart,

2006 AUG 28  PH 2: 53

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

I'm writing about my request. My request number is Ob-1717. It has been well over 30 working days and I haven't heard anything about my request. Please advise me on the process of my request. Thank you for your time and help.

Sincerely

Andre Cooper #56382066

August 9, 2006

H

# EXHIBIT I

## to Declaration of David Luczynski



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester:  Andre Cooper _____ Request Number:  06-1717 _____ _____

Subject of Request: Self (wiretaps) _____

Dear Requester:                                                               AUG 29 2006

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

    To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [   ] partial release [ x ] full denial.

    Enclosed please find:

   _0_____ page(s) are being released in full (RIF);
   _0_____ page(s) are being released in part (RIP);
   _60_____ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

    The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

       **Section 552**                                                              **Section 552a**

| | | | |
|---|---|---|---|
| [   ] (b)(1) | [   ] (b)(4) | [   ] (b)(7)(B) | [   ] (j)(2) |
| [   ] (b)(2) | [   ] (b)(5) | [   ] (b)(7)(C) | [   ] (k)(2) |
| [ x ] (b)(3) | [   ] (b)(6) | [   ] (b)(7)(D) | [   ] (k)(5) |
| 5 USC § 552 | [   ] (b)(7)(A) | [   ] (b)(7)(E) | [   ] _____ |
| _____ | | [   ] (b)(7)(F) | |

    [   ] In addition, this office is withholding grand jury material which is retained in the District.

Form No. 021- no fee - 2/06

[   ]    A review of the material revealed:

     [   ]    _____ page(s) originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you:_____ _____ _____

     [   ]    There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

     [   ]    Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

_____ _____ _____

     [ x ]    See additional information attached.

     This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

                             Sincerely,

                             William G. Stewart II
                             Acting Assistant Director

**Enclosure(s)**

# EXHIBIT J

## to Declaration of David Luczynski

09.22  FOIA APPEAL

06-3197

9/08/06

Dear Mr. Stewart II

I would like to Appeal the
Request Number 06-1717. That was denied
by your office. Thank you for your
time.

truly yours

Andre Cooper

Andre Cooper

#56382066

OFFICE OF INFORMATION
AND PRIVACY

SEP 2 2 2006

RECEIVED



# EXHIBIT K
## to Declaration of David Luczynski



**U.S. Department of Justice**

Office of Information and Privacy

RECEIVED

2006 DEC 12 PM 12: 21

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

DEC 1 1 2006

Mr. Andre Cooper
Register No. 56382-066
United States Penitentiary            Re:    Appeal No. 06-3197
Post Office Box 150160                       Request No. 06-1717
Atlanta, GA 30315                            BVE:SRO

Dear Mr. Cooper:

You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to certain records pertaining to yourself that relate to
wiretaps and other electronic surveillance.

I note that in your initial request you requested all records pertaining to yourself. Please
be advised that EOUSA treated your recent, prior Request Number 06-2679 as a request for all
records pertaining to yourself. While EOUSA initially denied Request Number 06-2679, this
Office has remanded that request to EOUSA for further processing in a letter to you dated
November 17, 2006. EOUSA will now process those records for release to you. EOUSA
interpreted this request letter (Request No. 06-1717) as a request only for wiretap and
surveillance information pertaining to yourself.

After carefully considering your appeal, I am affirming, on modified grounds, EOUSA's
action on your request. I have determined that the sixty pages of records originally withheld by
EOUSA are not, in fact, responsive to your request. These records are transcripts of consensual
interviews by investigators of various third parties in your criminal case. EOUSA located no
actual wiretap or surveillance records responsive to your request.

If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director



EOUSA

# EXHIBIT   2

Declaration of Susan Falken, and Exhibits A-C to that Declaration

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDRE COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0744 (RMC) |
| ) | |
| EXECUTIVE OFFICE FOR UNITED STATES ) | |
| ATTORNEY FREEDOM OF INFORMATION/ ) | |
| PRIVACY ACT STAFF, ) | |
| ) | |
| ALBERTO GONZALES, ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF SUSAN J. FALKEN**

I, Susan J. Falken pursuant to Title 28, United States Code, Section 1746, declare

and state as follows:

1) I am employed as the  Law Librarian in the United States Attorney's Office

("USAO") for the Eastern District of Pennsylvania and my office location is in Philadelphia,

Pennsylvania.   One of my responsibilities includes the coordinating of Freedom of

Information Act/Privacy Act  ("FOIA/PA") requests for access to records located United

States Attorney Office (USAO) for the Eastern  District of Pennsylvania with the Executive

Office for United States Attorneys ("EOUSA").  I identify, discuss, and ship records as

directed by EOUSA, but make no determinations regarding the release or withholding of

the documents. I have been the FOIA contact person for the USAO for the Eastern District

of Pennsylvania since February 2006.   The statements I make herein are either on the

basis of my own personal knowledge or on the basis of knowledge acquired by me through

the performance of my official duties.

2) Due to the nature of my official duties, I have become familiar with the procedures that were followed by this office in coordinating the FOIA request of Andre Cooper.

3) On June 21, 2006, the FOIA/PA request of Andre Cooper was sent to me via facsimile by the EOUSA. The request was designated 06-1717 by EOUSA.

4) The USAO for the Eastern District of Pennsylvania has an computerized docketing/case management system known as Legal Information Office Network System ("LIONS"). LIONS is a computerized system of records which tracks cases or matters for the entire USAO. Whenever an office file on a new matter or new case is opened, the docketing section will enter applicable information into the LIONS computer system and assign the case or matter a "USAO" number which will be used as an internal tracking number for the Office. The information entered into the computer is based on a series of individual records which are linked together, or related, in a logical order. These records may include, but are not limited to, the names of the parties, the names of any related cases, what the case is about, what Assistant United States Attorney is handling the case, the Court assigned to the case, and what stage the case is in.

5) The LIONS system allows the user to search all USAO matters for a specific name. If the name for which the search is done was not included in the information entered into the LIONS system for a particular matter, the search would not identify that matter as containing potentially responsive information. The LIONS system is capable of cross-referencing other related cases if such related case information is entered into the system.

6) The LIONS system is the current computerized record tracking system that is

-2-

available and used by the USAO for the Eastern District of Pennsylvania.

7) On or about July 31, 2006, I performed a search on LIONS using plaintiff's name as a search term. The LIONS search indicated that the case was assigned to Assistant United States Attorney ("AUSA") Faithe Moore Taylor.

8) On or about July 31, 2006, I checked the federal District Court's Public Access to Computerized Records (PACER) in the party/case index. PACER had one criminal case on a Andre Cooper which was out of the Eastern District of Pennsylvania (Criminal No. 2:01CR00512).

9) On or about August 8 , 2006, I sent an e-mail to AUSA Faithe Moore Taylor. The e-mail relayed the information that Mr. Cooper was requesting, in Mr. Cooper's own language, " "any transcripts of recordings or any other related documents pertaining to any consensual or non-consensual wiretaps or other type of electronic surveillance which are in possession of" our office." I also requested when Ms. Taylor and I could meet to discuss Mr. Cooper's request and retrieve the items, if they were available. A copy of the e-mail is attached as Exhibit A.

10) On or about August 8, 2006, AUSA Taylor replied to my e-mail stating, "there were no wiretaps in Cooper's case. He was provided with all of the consensual recordings in the goevnment's [sic] possession as well as the transcripts, during his trial....In fact, his attorney used many of them during their case in chief during the penalty phase..." A copy of the e-mail is attached as Exhibit B.

11) AUSA Taylor and AUSA Nancy Winter, co-counsel on the Cooper case, took me to a room filled with documentation from the Cooper case and gave me a transcript book, which contained all the transcripts of the recordings in the Cooper case. I made a

-3-

copy of all the transcripts.

12) On or about August 8, 2006, I sent a a copy of all the transcripts of the recordings from the Cooper case to the FOIA office in DC along with the filled-out paperwork stating that there were "No wiretaps on this case. All consensual. All transcripts attached. Case is Pending Appeals - post sentencing." A copy of the filled-out form is attached as Exhibit C.

13) A total of 50 minutes was spent on locating and retrieving the requested documents.

14) I believe my search was reasonably done and calculated to lead to any potentially responsive documents to Mr. Cooper's FOIA/PA request. The handling of Mr. Cooper's request was entirely consistent with EOUSA and USAO procedures.

I declare under penalty of perjury that the foregoing is true and correct.


Executed this ___30ᵗʰ___ day of October, 2007.


SUSAN J. FALKEN
Law Librarian

-4-

Exhibit A to Declaration of Susan J. Falken

**Falken, Susan (USAPAE)**

| | |
|---|---|
| **From:** | Taylor, Faithe (USAPAE) |
| **Sent:** | Tuesday, August 08, 2006 9:54 AM |
| **To:** | Falken, Susan (USAPAE) |
| **Cc:** | Winter, Nancy (USAPAE) |
| **Subject:** | RE: FOIA REQUEST - ANDRE COOPER |

There were no wiretaps in Cooper's case. He was provided with all of the consensual recordings in the goevrnment's possession as well as the transcripts, during his trial....In fact, his attorney used many of them during their case in chief during the penalty phase...

| | |
|---|---|
| **From:** | Falken, Susan (USAPAE) |
| **Sent:** | Tuesday, August 08, 2006 9:50 AM |
| **To:** | Taylor, Faithe (USAPAE) |
| **Subject:** | FOIA REQUEST - ANDRE COOPER |

**Faithe,**

**A FOIA request has arrived re: Andre Cooper. He is requesting "any transcripts of recordings or any other related documents pertaining to any consensual or non-consensual wiretaps or other type of electronic surveillance which are in possession of " our office. When can we meet to discuss this and retrieve the items, if they are available? The transcripts would be sent to FOIA with a notation to send them to the appropriate agency. The agency would then determine if the documents would be distributed to Mr. Cooper.**

**Thank you,**
**Susan**

Exhibit B to Declaration of Susan J. Falken

**Falken, Susan (USAPAE)**

| | |
|---|---|
| **From:** | Taylor, Faithe (USAPAE) |
| **Sent:** | Tuesday, August 08, 2006 9:54 AM |
| **To:** | Falken, Susan (USAPAE) |
| **Cc:** | Winter, Nancy (USAPAE) |
| **Subject:** | RE: FOIA REQUEST - ANDRE COOPER |

There were no wiretaps in Cooper's case. He was provided with all of the consensual recordings in the goevrnment's possession as well as the transcripts, during his trial....In fact, his attorney used many of them during their case in chief during the penalty phase...

| | |
|---|---|
| **From:** | Falken, Susan (USAPAE) |
| **Sent:** | Tuesday, August 08, 2006 9:50 AM |
| **To:** | Taylor, Faithe (USAPAE) |
| **Subject:** | FOIA REQUEST - ANDRE COOPER |

**Faithe,**

**A FOIA request has arrived re: Andre Cooper.  He is requesting "any transcripts of recordings or any other related documents pertaining to any consensual or non-consensual wiretaps or other type of electronic surveillance which are in possession of " our office.  When can we meet to discuss this and retrieve the items, if they are available?  The transcripts would be sent to FOIA with a notation to send them to the appropriate agency.  The agency would then determine if the documents would be distributed to Mr. Cooper.**

**Thank you,**
**Susan**

Exhibit C to Declaration of Susan J. Falken

<u>Certification of Search</u>

Requester Name: _Andre Cooper_

Request Number: _06-1717_

I certify that I conducted a search for records responsive to the above-referenced FOI/PA request as follows:

1a. Names searched under _Andre Cooper_
    Any other names searched, A.K.A. etc. _____

1b. Subject searched under _Andre Cooper_

1c. Case files searched CR#, CIV# _2001 R 000512_

2. Computer Systems Searched: _____
   _____ PROMIS; _____ TALON; __✓__ LIONS;
   __✓__ Other, List: _Pacer_

3. I searched all card file indexes for ____N/A___ Criminal; _____ Civil;
   _____ Asset Forfeiture cases; _____ other files index for our office.

4. I searched the Federal Records Center ___N/A___ Criminal; _____ Civil;
   _____ other files index for our office.

5. Records were destroyed. Attached is a copy of evidence to prove that records were destroyed. _____N/A_____

6. I e-mailed/faxed/phoned ___2___ Criminal AUSAs; _____ Civil AUSAs regarding whether they have any files in their offices on subject(s).

7. I took other search measures, as follows: ____N/A____
   _____

8. I have attached all written documentation indicating dates I searched, where, who I called, etc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _8-8_ ,200_6_. Phone Number: _215-861-8476_

Typed Name: _Susan Falken_

Signature: _Susan Falken_

# Memorandum



FOR       FOIA AND PRIVACY STAFF            DATE:
RETURN    600 E STREET, N.W., ROOM 7300     RETURNED:
TO:       Washington, D.C.  20530-0001

| Subject | Date |
|---|---|
| Requester: Andre Cooper<br>Subject: Self (wiretaps)<br>Number: 06-1717<br>District: PAE | JUN 21 2006 |

To

FOIA/PA CONTACT

Susan Falken

From

Shirley Botts
EOUSA
TEL: 202-616-0195
FAX: 202-616-6478

### *PLEASE READ CAREFULLY - A CHANGE HAS BEEN MADE TO THIS LETTER.

We have received the attached Freedom of Information Act request. Because it is not the typical first party request for all records about the requester (i.e., it asks for a specific record, statistical data, office administrative records, records about a staff member, etc.), look **ONLY** for the record(s) described by the requester.  DO NOT SEND COURT-FILED RECORDS UNLESS SPECIFICALLY REQUESTED.  **\*If your search for these documents is not complete within two hours, please stop searching and call us.**

If you have questions or need to discuss this request, please call my office at the number above.  Otherwise, please either forward copies of the requested record(s) or indicate below that there are **NO RECORDS** responsive to the request and return this memorandum to the address above.

Thank you for your cooperation.

Attachment(s)

### PLEASE CHECK ONE:

_____✓_____   Records requested are enclosed.

_____   No records responsive to this request.

_____   Pending investigation, trial, appeal or fugitive(s) involved:  **CALL** our office at the number above and complete pending checklist 007A.

COMMENTS:  All

No wiretaps on this case. All consensual. Transcripts attached. Case is pending appeal. Post sentencing

Signature of person completing this checklist: Susan Falken

Date signed:_____  Telephone Number:_____
Name and phone number of AUSA assigned to, or familiar with, case:
Faithe Moore Taylor 215-861-8515; Nancy B Winter 215-861-8473

Form No. 10B - 7/01



Requester: _Andre Cooper_    Request #: _06-1717_

## CHECKLIST FOR PENDING LAW ENFORCEMENT PROCEEDING(S)

In order to apply FOIA Exemption (b)(7)(A), we must establish a) an actual or prospective law enforcement proceeding, and b) that the records to which the exemption will apply, if disclosed in whole or in part, would likely interfere with the identified proceeding(s).

You are required to review all documents in the responsive case file(s) and categorize each (see Form 010 Columns A & B), estimating number of pages in each, and identify the interference to the proceeding(s) that possible disclosure of each category would cause. Common examples: evidence, witnesses, prospective testimony, reliance placed by the government on evidence, transactions being investigated, direction of the investigation, government strategy, confidential informants, scope and limits of the government's investigation, prospective new defendants, Jencks Act protected materials, attorney work product, methods of surveillance, and subjects of surveillance.

You are required to segregate documents that would not interfere from those that would likely interfere, forwarding them to be reviewed under the other FOIA exemptions available.

PLEASE COMPLETE THE FOLLOWING:

1.    ATTACH THE DOCKET SHEET: relevant portions may be sufficient to establish the pending status/case history where too lengthy.

2.    IDENTIFY the pending matter(s) and give date(s):

3.    IDENTIFY all co-defendants/fugitives/targets:

4.    Has the pending matter been publicly acknowledged?

5.    Does the requester know of the pending matter?

*N/A*

ADVICE:

The key to successfully asserting this exemption rests with satisfying the above requirements. At each progressive stage of the prosecution, including appeals/2255's, the interference from possible disclosures lessens. Investigation/trial stages are the easiest to defend and cover the most materials. Co-defendants, fugitives, targets are important factors. A retrial is a typical interference circumstance, but always remember that other exemptions are also available to these same documents.

- 2 -

BE AWARE that you will likely have to justify your assertion of this exemption in a declaration filed in a district court litigation. For this reason, an attorney having knowledge of the proceeding(s) should complete this form.

I declare under penalty of perjury that I have personally reviewed all documents located in the responsive case file, have categorized each, have to the best of my ability segregated materials that would interfere with the identified law enforcement proceeding(s), and have truthfully asserted the harms that possible disclosure of those records to the carrying out of my duties such proceeding(s).

Executed on _____,2006.

Typed Name:_____

Signature of AUSA:_____

Phone Number:_____

CATEGORIES/INTERFERENCE:



**U.S. Departm    of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

## FOIA COST TRACKING FORM

EOUSA NO.: _06-1717_

Requester's Name: _Andie Cooper_

District or EOUSA Component: _PAE_

    The Freedom of Information Act allows us to charge for search time. Search time is the time spent searching for the requested record. Please keep track of the time spent searching for the records to respond to the above request.

    The data provided by your office under "Actual Time Expended", will be the basis for the Annual FOIA/PA Report to Congress. Every employee in your office who has expended any time on this request should fill out the amount of time expended.

    It is <u>essential</u> to return this completed form at the time the attached memorandum is returned.

### ACTUAL TIME EXPENDED

### MINUTES/HOURS

[   ]  **ATTORNEY**       _____

[   ]  **PARALEGAL**      _____

[ ✓ ]  OTHER _Law Librarian_    _50 mins_

Form No. 036 - 4/06

FOI/PA Unit

ANDRE COOPER

REq. No. 56382066

Federal Detention Center

P.O. Box 562

Philadelphia, P.A. 19105

FOI/PA RECEIVED

2006 JUN -2 PM 2: 20

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

To whom it may concern:

I request a complete and thorough search of all filing systems and locations for all records maintained by your agency pertaining to myself; including, but not limited to, files and documents captioned in (or whose captions include) my name in the title. This request specifically includes "main" files and "see references;" including, but not limited to, numbered and lettered subfiles, 1A envelopes, enclosures behind files (EBF's), Bulky Exhibits, control files, and "June" files. I want all records to be produced with the administrative markings and all reports to include the administrative pages.

I wish to be sent copies of "see reference" cards, abstracts, search slips (including search slips used to process this request), file covers, multiple copies of the same document (if they appear in a file), and taped any electronic surveillance. Please search: "DO NOT FILE" files, SAC safe, special file rooms, and offices of FBI officials. I want all pages released regardless of the extent of excision, even if all that remains are the stationary headings or administrative markings.

In addition to a search of General Indexes, please search the ELSR Index.

Please search for records under the following names:

ANDRE COOPER (PLEASE INCLUDE ANY TRANSCRIPTS OF RECORDINGS or any other related documents pertaining to any consensual or non-consensual wiretap or other type of electronic surveillance which are in possession of the US Attorney's Office in the EASTERN DISTRICT OF Pennsylvania.
Please place any "missing" files pertaining to this request on "special locate," and advise me that you have done this.

If documents are denied in part or in whole, please specify which exemption(s) is (are) claimed for each passage or whole document denied. Please provide a complete itemized inventory and detailed factual justification for total or partial denial of documents. Specify the number of pages in each document(s) and the total number of pages pertaining to this request. For "classified" material denied please include the following information: the classification (confidential, secret, or top secret); identity of the classifier; date or event for automatic declassification, classification review, or downgrading; if applicable, identity of official authorizing extension of automatic declassification review past six years; and, if applicable, the reason for extended classification past six years.

Agency Facility _____
Control Number _____

PRIVACY ACT STATEMENT: In accordance with 28 CFR Section 16.41, personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disseminated by the Department. Failure to furnish this information will result in no action being taken on the request by the System Manager. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and or 5 U.S.C. Section 552a(i)(3).

FULL NAME OF REQUESTER: Andre Cooper #Reg. No. 56382066

CURRENT ADDRESS Federal Detention Center, P.O. Box 562, Philadelphia, 19105

DATE OF BIRTH _____

PLACE OF BIRTH Delaware

EMPLOYEE IDENTIFICATION NUMBER, if applicable _____
(or Social Security Number)? _____

I certify that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of no more than $5,000.

Signature Andre Cooper

Subscribed and sworn to before me this 18 day of May 2006

Signature of Notary

My Commission Expires _____

(Include Notary
Seal or Stamp
in this Space)

NOTARIAL SEAL
Winston E. Freeman, Notary Public
Philadelphia, Philadelphia County
My commission expires October 22, 2007

The bottom portion of this form to be completed by requester when he or she requests that information relating to himself or herself be released to another person.

Further, pursuant to 5 U.S.C. 552a(b) I authorize the U.S. Department of Justice or any of its component organizations to release any and all information relating to me to _____ (attorney or other designee).

Signature? _____

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

FORM DOJ-361

## FOIA ADMISTRATIVE AND LEGAL
## CONTACTS AT FEDERAL AGENCIES

The Office of Information and Privacy (OIP) is the principle contact point within the executive branch for advice and policy guidance on matters pertaining to the administration of the Freedom of Information Act. Through OIP's FOIA Counselor service, experienced FOIA advisers are available to respond to FOIA-related inquiries at (202) 514-3642 (514-FOIA).

For inter-agency contact purposes, the following list contains the principle FOIA administrative and legal contacts for a limited number of federal agencies dealing with FOIA matters.* In some instances (e.g., the Justice Department), all major agency components are listed individually under the agency. In other instances (e.g., the Food and Drug Administration), major agency components are listed separately. In still other instances, where no components are listed, it is the agency's preference that all FOIA contacts be made through its main office.

All telephone numbers are listed by local area code, which can be dialed in the federal long distance system. Where both the administrative and legal contacts (marked "A" and "L," respectively) are at the same address, the common address follows the name of the legal contact. OIP should be notified whenever there is a change in an administrative or legal contact or any change in title, telephone number, or address.

**BUREAU OF ALCOHOL, TOBACCO & FIREARMS**
Dorothy A. Chambers (202) 927-8480
Chief, Disclosure Division, Rm. 8430
650 Massachusetts Avenue, N.W.
Washington, D.C. 20226

**UNITED STATES CUSTOMS SERVICE**
Lynette D. Carter (202) 927-1805(A)
Paralegal Specialist, ORR
Lee H. Kramer (202) 927-1251(L)
Senior Attorney, ORR
Washington, D.C. 20229

**UNITED STATES SECRET SERVICE**
Gary L. Edwards (202) 435-6370(A)
FOIA/PA Officer
1800 G Street, N.W., 2nd Floor
Washington, D.C. 20223

**INTERNAL REVENUE SERVICE**
Thomas Marusin (202) 622-6250(A)
Director, Freedom of Information
Office of Disclosure
John B. Cummings (202) 622-4560(L)
Assistant Chief of Counsel
1111 Constitution Avenue, N.W.
Washington, D.C. 20436

**JUSTICE DEPARTMENT**
Patricia D. Harris (301) 436-1018(A)
FOIA/PA Section, Rm. 115 LOC
Justice Management Division
Washington, D.C. 20530-0001

Richard L. Huff (202) 514-FOIA(L)
Daniel J. Metcalfe
Co-Directors, Suite 570 FLAG
Office of Information and Privacy
Washington, D.C. 20530-0001

**Antitrust Division**
Ann Lea Harding (202) 514-2692(A)
FOIA/PA Officer, Suite 200 LPB
Washington, D.C. 20530

**Bureau of Prisons**
Elizabeth M. Edson (202) 514-6655(A)
Chief, FOIA/PA Section, Rm 738 HOLC
Washington, D.C. 20534

**Civil Division**
James M. Kovakas (202) 514-2319(A)
FOIA/PA Office, Rm. 808, 901 E St.
Anne L. Weismann (202) 524-3395(L)
Assistant Branch Director
Federal Programs Branch, Rm. 1034, 901 E. St.
Leonard Schaitman (202) 514-3441(L)
Assistant Director
Appellate Staff, Rm. 9004 MB
Washington, D.C. 20530

*see law librarian for a complete list of all agencies

# EXHIBIT   3

OIP's Second (December 12, 2007) Appeal Decision



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                           *Washington, D.C. 20530*

**DEC 1 2 2007**

Mr. Andre Cooper
Register No. 56382-066
United States Penitentiary          Re:      Appeal No. 06-3197
Post Office Box 1034                         Request No. 06-1717
Coleman, FL 33521                            JGM:SRO

Dear Mr. Cooper:

          You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to certain records pertaining to yourself that relate to
wiretaps and other electronic surveillance.

          By letter dated December 11, 2006, this Office determined that the sixty-pages of records
located by EOUSA in response to your request were not responsive to your request.

          Upon further review of your appeal file and in particular the wording of your request, and
in an effort to construe your request as broadly as possible, I am vacating this Office's decision of
December 11, 2006. I have determined that the records located by EOUSA are responsive to
your request. Consequently, I am remanding your request for further processing of those records.
EOUSA will respond to you directly.

                                        Sincerely,

                                        *Janice Galli McLeod*
                                        Janice Galli McLeod
                                        Associate Director



# EXHIBIT   4

Supplemental Declaration of David Luczynski, and Exhibits A and B to that Declaration

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDRE COOPER,                           )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )
                                        )       No.    1:07-CV-0744-RMC
UNITED STATES DEPARTMENT OF             )
JUSTICE, EXECUTIVE OFFICE FOR           )
UNITED STATES ATTORNEYS,                )
                                        )
                    Defendants.         )
_____)

## SUPPLEMENTAL DECLARATION OF DAVID LUCZYNSKI

1. This declaration will further explain EOUSA's processing of Plaintiff's request, mainly the supplemental release of 12 pages of material relating to his FOIA request No. 06-1717.

2. During an additional review of previously withheld 60 pages of records, the Office of Information and Privacy ("OIP"), decided and informed EOUSA that there are, in fact, some pages which, while effectively unintelligible, are separable.

3. By letter dated December 12, 2007, OIP has informed Plaintiff that it has decided to vacate the prior decision and that it has remanded the request for further processing under the FOIA. **Exhibit A**.

4. As a result of additional processing, EOUSA has sent Plaintiff 12 pages of records that are released in part ("RIP") along with a letter indicating which exemption was applied to the

processing of those records. **Exhibit B**.

## ADEQUACY OF THE SEARCH

5. Each USAO has a designated FOIA Contact who serves as the official liaison between that District and the FOIA/Privacy Staff in EOUSA. In the United States Attorneys Office for the Eastern District of Pennsylvania ("USAO/PAE"), the FOIA Contact is Susan Falken, who coordinated the search efforts in connection with Plaintiff's Request No. 06-1717. After receiving Plaintiff's FOIA request, EOUSA undertook the search for documents responsive to Plaintiff's FOIA request by forwarding the request to the FOIA Contact for the USAO/PAE. Each United States Attorney's Office maintains the case files for criminal matters prosecuted by that office. Ms. Falken began a systematic search for records on Andre Cooper to determine the location of any and all files relating to him in order to comply with the request. Ms. Falken searched for records from the case files in that case. After a search of the computer systems Ms. Falken reported that she found records relating to Plaintiff's case.

6. To accomplish the search, Ms. Falken looked for records in the computer tracking system that were listed under the name "Andre Cooper". Ms. Falken used a computer case tracking system in the U.S. Attorney's Office to determine all possible locations of responsive files. The systems utilized in searching for records pertaining to Plaintiff were the Public Access to Court Electronic Records ("PACER"), and the Legal Information Office Network System ("LIONS"). The LIONS system is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. By use of the LIONS system, the user can access databases which can be used to retrieve the information based on a

defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number. In this case, Ms. Falken used the LIONS system to determine, among other things, which attorneys within her office handled Plaintiff's case in the past, which allowed her to contact them directly to find out additional information about the location of records concerning Plaintiff's case. A separate declaration describing the search performed by Ms. Falken in more detail is provided by her.

## EOUSA'S DISCLOSURE DETERMINATION

### Identification of Responsive Records

7. All documents related to Plaintiff's FOIA request have been located in the United States Attorneys Office for the Eastern District of Pennsylvania. The records are maintained in the Criminal Case File-System (Justice/USA-007) entitled United States v.Andre Cooper.

8. There are no other records systems or locations within the Eastern District of Pennsylvania which maintained a system of records pertaining to Plaintiff's name.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

9. EOUSA processes all requests made by individuals for records pertaining to themselves under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by law. Criminal case files maintained by U.S. Attorney's Offices are part of the DOJ Privacy Act System of Records. The Attorney General has promulgated regulations at 28 C.F.R. §16.81(a)(1) which exempt U.S. Attorney's Office criminal case files (known as Justice/USA-007 files) from the PA's access provisions as authorized by 5 U.S.C. §552a(j)(2).

Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. Since Plaintiff's entire request pertains to criminal investigations, the materials were necessarily compiled for law enforcement purposes. Therefore, EOUSA determined that the responsive records withheld were not disclosable under the PA. Accordingly, EOUSA next reviewed the records under the provisions of the FOIA.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

### EXEMPTION 5 U.S.C. §552(b)(7)(C)

10. Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. All information at issue in this case was compiled for law enforcement purposes in order to assist in the investigation and prosecution of Andre Cooper.

11. Exemption (b)(7)(C) was applied to withhold the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of the identifying information could result in unwanted efforts to gain further access to such persons or to personal information about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences, all to their detriment. EOUSA determined that information contained in such references could not be disclosed and should be deleted and segregated in all the documents to which this exemption was applied.

Page 4 of 6

12. EOUSA determined that there was no public interest in the release of this privacy-protected information because dissemination of the information would not help explain the activities and operations of the EOUSA or the United States Attorney's office. No public interest would counterbalance the law enforcement and third party individuals' privacy right in the information withheld under this exemption. Moreover, no individual provided any authorization or consent to disclose such information.

13. EOUSA applied this exemption to the entire 60 page document, a transcript of a drug buy transaction, found as a result of the search for records relating to Plaintiff. After the final processing, 48 pages were withheld in full ("WIF"), and 12 pages were redacted and released in part ("RIP") to the Plaintiff. The pages that are WIF contain no information that is related to the Plaintiff. The 12 pages that have been RIP have redactions of all third party privacy-protected information. Such things consist of descriptions that mention people, locations, phone numbers, as well as the identities of the persons speaking in addition to other things that they said that may be used to identify certain individuals.

## SEGREGABILITY

14. EOUSA closely evaluated for segregability all documents that were either released-in-part or withheld-in-full. All non-disclosed information was exempt from release pursuant to one or more of the various FOIA and/or PA exemptions listed above, and EOUSA determined that no meaningful portions of the withheld documents could reasonably be released without destroying the integrity of those document as a whole. In short, no reasonably segregable non-exempt information has been withheld from the Requester.

## **CONCLUSION**

15.  Each step in the handling of Mr. Cooper's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to ensure an equitable response to all persons seeking access to records under the FOIA/PA and the proper discharge of the agencies' legal responsibilities under the FOIA and Privacy Act.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 21, 2007.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

**Exhibit A to Supplemental Declaration of David Luczynski**



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

DEC 1 2 2007

Mr. Andre Cooper
Register No. 56382-066                Re:    Appeal No. 06-3197
United States Penitentiary                   Request No. 06-1717
Post Office Box 1034                          JGM:SRO
Coleman, FL 33521

Dear Mr. Cooper:

     You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to certain records pertaining to yourself that relate to
wiretaps and other electronic surveillance.

     By letter dated December 11, 2006, this Office determined that the sixty-pages of records
located by EOUSA in response to your request were not responsive to your request.

     Upon further review of your appeal file and in particular the wording of your request, and
in an effort to construe your request as broadly as possible, I am vacating this Office's decision of
December 11, 2006. I have determined that the records located by EOUSA are responsive to
your request. Consequently, I am remanding your request for further processing of those records.
EOUSA will respond to you directly.

                              Sincerely,

                              Janice Galli McLeod
                              Associate Director



**Exhibit B to Supplemental Declaration of David Luczynski**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester:  Cooper, Andre _____     Request Number:   06-1717 _____

Subject of Request: Self (wiretaps)/PAE _____     Supplemental reply _____

Dear Requester:

    Your request for records under the Freedom of Information Act/Privacy Act has been processed.  This letter constitutes a supplemental reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

    To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 C.F.R. §16.81.  We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.  This letter is a [ X ] partial [  ] full denial.

    Enclosed please find:

_____ page(s) are being released in full (RIF);
  12 ____ page(s) are being released in part (RIP);
  48 ____ page(s) are withheld in full (WIF).  **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

    In addition, this office is withholding approximately _____ page(s) of grand jury material which is retained in the District.

    The exemption(s) cited for withholding records or portions of records are marked below.  An enclosure to this letter explains the exemptions in more detail.

### Section 552

| | | | |
|---|---|---|---|
| [  ] (b)(1) | [  ] (b)(4) | [  ] (b)(7)(B) | |
| [  ] (b)(2) | [  ] (b)(5) | [ X] (b)(7)(C) | |
| [  ] (b)(3) | [  ] (b)(6) | [  ] (b)(7)(D) | |
| _____ | [  ] (b)(7)(A) | [  ] (b)(7)(E) | |
| _____ | | [  ] (b)(7)(F) | |

### Section 552a

[ X ] (j)(2)
[  ] (k)(2)
[  ] (k)(5)
[  ] _____

(Page 1 of 2)

B

Form No. 021- no fee-

2/04

[  ] There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

[  ]  See additional information attached.

This is the final action this office will take concerning your request.

You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to: **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**.

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

William G. Stewart II
Assistant Director

Enclosure(s)

(Page 2 of 2)

Form No. 021 - no fee-
2/04

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDRE COOPER,<br><br>    Plaintiff,<br><br>    v.<br><br>EXECUTIVE OFFICE FOR UNITED STATES<br>ATTORNEY FREEDOM OF INFORMATION/<br>PRIVACY ACT STAFF,<br><br>MICHAEL B. MUKASEY,<br>Attorney General of the United States,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-0744 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>ORDER</u>**

UPON CONSIDERATION of Defendant's Motion for Summary Judgment, Plaintiff's Opposition thereto, and the entire record herein, it is this _____ day of _____, 2007,

ORDERED that Defendant's Motion be and hereby is granted; and it is

FURTHER ORDERED that the above-captioned action should be, and hereby is DISMISSED from the Court's docket, with prejudice.

_____
ROSEMARY M. COLLYER
United States District Court Judge

Copies of this order to:

Andre Cooper
R56382-066
Coleman II
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1034
Coleman, FL 33521

Jonathan C. Brumer
Special Assistant United States Attorney
United States Attorney's Office
  for the District of Columbia
555 Fourth Street, N.W., Room E-4815
Washington, D.C. 20530